Citation Nr: 1206481 
Decision Date: 02/22/12 Archive Date: 03/01/12

DOCKET NO. 09-00 591 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Entitlement to service connection for a bilateral foot disorder. 

ATTORNEY FOR THE BOARD

J.M. Seay, Associate Counsel
REPRESENTATION

Appellant represented by: Disabled American Veterans

INTRODUCTION

The Veteran served on active duty from October 2002 to October 2007. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. The case is now under the jurisdiction of the Louisville, Kentucky RO. 


FINDING OF FACT

Resolving all reasonable doubt in favor of the Veteran, the Veteran has continuously suffered from bilateral over-use syndrome since service.


CONCLUSION OF LAW

Bilateral over-use syndrome was incurred in active service. 38 U.S.C.A. §§ 1101, 1110, 1131, 5103, 5107(b) (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304 (2011).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA's Duties to Notify and Assist

Upon receipt of a substantially complete application for benefits, VA must notify the claimant what information or evidence is needed in order to substantiate the claim and it must assist the claimant by making reasonable efforts to get the evidence needed. 38 U.S.C.A. § 5103(a), 5103A; 38 C.F.R. § 3.159(b); see Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002). The notice required must be provided to the claimant before the initial unfavorable decision on a claim for VA benefits, and it must (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1); Pelegrini v. Principi, 18 Vet. App. 112, 120 (2004).

The Board finds that all notification needed to render a decision on the claim has been accomplished. In this decision, the Board has granted service connection for bilateral over-use syndrome, which represents a complete grant of the benefits sought on appeal. See Barrera v. Gober, 122 F.3d 1030 (Fed. Cir. 1997); Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997). Thus, a discussion of VA's duties to notify and assist is not required.

LAW AND ANALYSIS

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C.A. § 1110, 1131. That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

In relevant part, 38 U.S.C. § 1154(a) requires that the VA give 'due consideration' to 'all pertinent medical and lay evidence' in evaluating a claim to disability benefits. Generally, in order to establish direct service connection for a disorder, there must be (1) medical evidence of the current disability; (2) medical, or in certain circumstances, lay evidence of the in-service incurrence of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. Gutierrez v. Principi, 19 Vet. App. 1, 5 (2004) (citing Hickson v. West, 12 Vet. App. 247, 253 (1999)). However, medical evidence of a current disability and nexus is not always required to establish service connection. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007) (footnote omitted).

Competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may also mean statements conveying sound medical principles found in medical treatises. It would also include statements contained in authoritative writings such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1). Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159(a)(2).

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). Competency of evidence differs from weight and credibility. The former is a legal concept determining whether testimony may be heard and considered by the trier of fact, while the latter is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. See Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also Cartwright v. Derwinski, 2 Vet. App. 24, 25 (1991) ('Although interest may affect the credibility of testimony, it does not affect competency to testify'). 

In considering the evidence of record under the laws and regulations as set forth above, the Board concludes that the Veteran is entitled to service connection for bilateral over-use syndrome. 

The Veteran has contended that his current disability is related to active service. In an August 2008 statement, the Veteran stated that his condition was getting worse and that he could not stand or walk (much less exercise) for more than 30 minutes before he has to sit and rest his feet. He stated that he has been seen by doctors both while in the Navy and out. He reported that working 13 to 14 hour days on the flight deck has given him deep foot pain that heals only temporarily with rest. While he was on active duty, he was given permission to wear tennis shoes for the condition, put on limited duty, and given medical insoles, none of which have had any healing effect. He also noted that he has been told by his doctors to avoid prolonged standing. The Veteran stated this condition seems service-related as he did not have any problems with his feet before his time on active duty and it is affecting his everyday life. He explained that he cannot exercise and cannot work on his feet. 

The Board recognizes that the medical evidence is somewhat conflicting with respect to whether the Veteran has a current disability. Indeed, the service treatment records only reveal notations of bilateral foot pain and the VA treatment records dated in December 2008 show impressions of metatarsalgia and bilateral foot pain. Pain alone, without a diagnosed or identifiable underlying malady or condition, does not, in and of itself, constitute a disability for which service connection may be granted. Sanchez-Benitez v. West, 13 Vet. App. 282 (1999), aff'd in part, vacated and remanded in part on other grounds by Sanchez-Benitez v. Principi, 259 F.3d 1356 (Fed. Cir. 2001). However, the February 2008 general medical examination report shows a diagnosis of bilateral over-use syndrome that was provided after a physical examination of the Veteran and review of the claims file including the Veteran's reported history. As such, the Board will resolve the benefit of the doubt in favor of the Veteran and concede that the Veteran has a current disability. 38 U.S.C.A. § 5107(b); see also McClain v. Nicholson, 21 Vet. App. 319 (2007). 

The service treatment records confirm that the Veteran complained of bilateral foot pain. In May 2006, the Veteran reported experiencing foot pain and that the pain increased with prolonged standing. The assessment was listed as bilateral foot pain. The Veteran was placed on limited duty and allowed to wear tennis shoes. In another May 2006 record, it was noted that the Veteran had foot pain and that he was able to stand for about an hour. The Veteran was to be weaned back to wearing boots and provided inserts. In the June 1, 2006 record, the Veteran reported that he felt 100 percent better and that the inserts helped his foot pain. In e-mail correspondence dated on June 1, 2006, it was noted that the Veteran was being followed for a foot problem that was caused in part by his old boots. It was noted that he needed a new pair of boots (preferably a pair of FD boots). The July 2007 medical assessment shows that the Veteran checked yes as to having experiencing foot trouble. He elaborated that he had many problems with his feet including soreness and bruising. In addition, he checked yes as to having to use corrective devices and that he wore insoles. In the summary and elaboration of all pertinent data, the examining physician noted that the Veteran had aches and pains when on his feet for prolonged periods of time which improved with inserts. 

Less than one month after separation from service, the Veteran sought medical treatment in November 2007. The November 2007 VA treatment record shows that the Veteran complained of bilateral foot pain with pain on plantar surface of foot. The assessment was listed as questionable plantar fasciitis. The February 2008 VA treatment record shows that the Veteran complained of worsening foot pain. In August 2008, the Veteran was issued power step inserts. The December 2008 VA treatment record shows that the Veteran reported pain to metatarsals and heels after prolonged standing and that he had pain for four to five years. The examining physician noted that the Veteran had bilateral foot pain, etiology unclear. In another December 2008 VA treatment record, it was noted that the Veteran reported pain to metatarsals and heels after prolonged standing. 

The Veteran was afforded a general medical examination in February 2008. The Veteran reported that he had intermittent bilateral foot pain with prolonged standing of more than an hour since 2006. No injury or trauma was reported outside of wearing hard boots. He was evaluated in May 2005 and diagnosed with foot pain secondary to over-use. He was treated with limited duty, tennis shoes, arch supports, and to avoid prolonged standing. At the present time, the Veteran reported that with the use of arch supports and comfortable shoes he does not have any pain except if he walks or stands for more than an hour. He has no other symptoms; he does not use any other assistive device or medication. He has no functional limitations with regard to daily or occupational activities at this time. He reports having bilateral foot pain with recreational activities such as running or playing sports. On examination of the feet, the Veteran presented with a normal arch. He had shoe inserts on today. There was no evidence of abnormal shoe wear or calluses. There was normal weight bearing. There was no edema, instability, or tenderness with motion. The Veteran had a normal gait and was able to walk on his heels and toes without difficulty. The x-ray report revealed a normal study. The examiner provided a diagnosis of bilateral foot over-use syndrome with intermittent pain. 

In an August 2007 statement, the Veteran's fellow serviceman, J.R.W., explained that he worked with the Veteran for several years while serving in HS-4 on North Island, San Diego. He stated that while serving together, the Veteran was seen many times regarding his foot condition. He was given medical insoles, put on limited duty, as well as having been given permission to wear tennis shoes for long periods of time as a result of this condition. 

In a September 2008 statement, the Veteran's wife explained that the Veteran's injuries first became evident during the last two years of service. She stated that she recalled meeting her husband in Hong Kong during one of his deployments and during that time he was unable to walk more than a few blocks without complaining that he was walking on glass. She stated that the longer he was deployed and the more time he spent standing on a flight deck on a prolonged day-to-day basis, the worse his symptoms became. She explained that he no longer runs, plays basketball or even walks for more than a few minutes at a time. 

Given the foregoing, the Board finds that service connection is warranted due to the continuity of symptomatology after service under the provisions of 38 C.F.R. § 3.303(b). In this case, the service treatment records show that the Veteran complained of bilateral foot pain during active service and at separation from active service. In fact, the June 2006 e-mail correspondence from the lieutenant that was treating the Veteran for his pain, explained that the Veteran's foot pain was due, in part, to his boots. Also, the Veteran sought medical treatment less than one month after his separation from service and has consistently suffered from symptomatology associated with his current diagnosis of bilateral over-use syndrome. The Board finds the Veteran's statements to be credible and persuasive with respect to the chronicity of his condition as it is supported by the evidence of record including the submitted lay statements and post-service treatment records. See Indiana Metal Prods. v. NLRB, 442 F.2d 46, 51-52 (7th Cir. 1971) (citations omitted). Thus, the Board finds that reasonable doubt exists as to whether the Veteran's bilateral over-use syndrome is related to active service. To the extent there is any reasonable doubt, that doubt will be resolved in the Veteran's favor. See 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1991). Based on the evidence of record, the Board finds that the Veteran's current bilateral over-use syndrome is related to his period of active duty service. Accordingly, the Board concludes that service connection for a bilateral over-use syndrome is warranted. 


ORDER

Service connection for bilateral over-use syndrome is granted. 



____________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs