Sterling R. HOLLAND, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–1046.

United States Court of Veterans Appeals.

Jan. 14, 1997.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, HOLDAWAY, IVERS, and STEINBERG, Judges.

## ORDER

On August 29, 1996, this Court dismissed in part and reversed in part the Board of Veterans' Appeals decision on appeal, and remanded a matter for adjudication. *Holland v. Brown,* 9 Vet.App. 324 (1996). On September 16, 1996, the Secretary filed a motion for reconsideration by the panel and review by the full Court.

As to the motion for reconsideration, the panel majority notes that the Secretary has raised a question about whether the Court's opinion somehow restricts the concerned Department of Veterans Affairs regional office (RO) from issuing a Supplemental Statement of the Case (SSOC) with respect to the back-disability rating and effective-date issues prior to the appellate adjudication of those issues by the Board of Veterans' Appeals. The panel majority also notes that those two issues are already in appellate status pursuant to the Court's binding precedential en banc opinions in *Hamilton v. Brown,* 4 Vet. App. 528, 538 (1993) (en banc), *aff'd,* 39 F.3d 1574, 1582–85 (Fed.Cir.1994), and *West (Walter) v. Brown,* 7 Vet.App. 329, 331–32 (1995) (en banc). The Secretary is correct that the appellant should have received from the RO an SSOC on the issues, pursuant to 38 C.F.R. §§ 19.31 and 19.38 (1995), after the RO issued its decision on remand. Given the Secretary's concern for procedural fairness, the panel majority is certain that the Secretary will ensure that the RO issues an SSOC to

the appellant on those issues on appeal prior to the Board's consideration of them. Upon consideration of the Secretary's motion for reconsideration and of the foregoing, it is

ORDERED by the panel that the motion for reconsideration by the panel is DENIED.

Upon consideration of the motion for review by the full Court, and it not appearing that review by the full Court is necessary either to address a question of exceptional importance to the administration of laws affecting veterans' benefits or to secure or maintain uniformity of the Court's decisions, it is

ORDERED by the full Court that the Secretary's motion for review by the full Court is DENIED.

IVERS, Judge, dissenting:

For the reasons stated in my separate opinion concurring in part and dissenting in part to the majority opinion in this matter, I dissent. *See Holland v. Brown,* 9 Vet.App. 324 (1996). I would vote to reconsider, withdraw the opinion, and stay any further proceedings in this matter pending the decision of the U.S. Court of Appeals for the Federal Circuit in the case of *Barrera v. Brown,* No. 90–1496, 1993 WL 441171 (mem.dec. Oct. 21, 1993), *appeal docketed,* No. 95–7045 (Fed.Cir. Apr. 27, 1995).