CLEVENGER, Circuit Judge.
Jesus A. Barrera and Peter F. Johnson appeal from the orders of the Court of Veterans Appeals dismissing for want of jurisdiction their appeals to that court. See Barrera v. Brown, No. 90-1496, 1995 WL 57790 (Vet.App. Feb.3, 1995); Johnson v. Brown, No. 94-1108, 1995 WL 285389 (Vet.App. May 4, 1995). For the reasons set forth in our recent decision in Grantham v. Brown, No. 96-7011, 114 F.3d 1156, 1997 WL 313167 (Fed.Cir. June 11, 1997), as briefly explained below, we hold that the Court of Veterans Appeals erred in its dismissal orders.
I
These two eases involve claims by veterans for benefits associated with injuries incurred in connection with their military service. The jurisdiction of the Court of Veterans Appeals is restricted to claims on which a notice of disagreement (NOD) has been filed after the effective date of the Veterans Judicial Review Act (Act). See 38 U.S.C. § 7251 note (1994).
Mr. Barrera filed a NOD before the effective date of the Act, challenging an administrative determination that his injury was not service connected. When he later prevailed on that issue, he challenged the disability rating that was assigned to his condition by filing another NOD after the effective date of the Act.
Mr. Johnson filed a pre-Act NOD challenging the disability rating assigned to his service connected condition. When he later prevailed on that issue, he filed a post-Act NOD challenging the effective date that was assigned to his entitlements.
The Court of Veterans Appeals held that it lacked jurisdiction to hear Mr. Barrera’s appeal on the issue of his disability rating, and Mr. Johnson’s appeal on the effective date issue relating to his claim, even though each veteran asserted the court’s jurisdiction based on a post-Act NOD. The court’s holding followed and applied its pronouncement in West v. Brown, 7 Vet.App. 329 (1995) (en banc), that it lacks jurisdiction over cases involving issues related to post-Act NODs if the appealing veteran had filed a pre-Act NOD with respect to some other issue in the same overall claim for relief. Under the law of West v. Brown, there can be but one NOD *1032 in any case on which the court’s jurisdiction can be based, and the jurisdiction-conferring NOD must be the first one in time filed by the veteran in connection with his overall claim for relief.
II
This court recently held in Grantham v. Brown that a veteran’s overall claim, or case, for benefits is comprised of separate issues, and that the Court of Veterans Appeals has jurisdiction to consider an appeal concerning one or more of those issues, provided a NOD has been filed after the effective date of the Veterans Judicial Review Act with regard to the particular issue. Thus, our precedent recognizes that multiple NODs may be filed by a veteran concerning the claim for benefits. The NOD which must serve to confer jurisdiction on the Court of Veterans Appeals is the first one filed with respect to a given issue, i.e., the NOD which initiates judicial review of the issue on which the veteran has received an unfavorable administrative determination. That a pre-Act NOD may have been filed, thus initiating appellate review with respect to a particular issue, does not defeat jurisdiction in the Court of Veterans Appeals over a different issue on which a NOD has been filed after the effective date of the Act. In a nutshell, Grantham overrules West v. Brown.
Ill
Mr. Barrera’s pre-Act NOD concerning service connection for his claim thus does not deprive the Court of Veterans Appeals of jurisdiction over his post-Act NOD concerning disability rating. Mr. Johnson’s pre-Act NOD concerning disability rating likewise does not deprive the Court of Veterans Appeals of jurisdiction over his post-Act NOD concerning the effective date.
The law as stated in Grantham controls the outcome of these two cases and requires summary reversal in these two cases.*

REVERSED AND REMANDED.

 Appeals in Dippel v. Gober, No. 96-7040, 121 F.3d 111, Holland v. Gober, No. 97-7045, 1997 WL 468286, and Mercado v. Gober, No. 96-7048, 1997 WL 575835, were stayed pending disposition of Barrera and Johnson. Subsequent to the issuance of Grantham, the court has summarily reversed the decisions in Dippel (on July 31, 1997) and in Holland (on July 29, 1997) on the law stated in Grantham. An order has been issued in Mercado, granting the appellant until August" 8, 1997 to show cause why the appeal should not be summarily reversed under Grant-ham. The court has thus already elected to employ Grantham as the lead case, and we simply follow that lead.