Sterling R. HOLLAND, Appellant,

v.

Hershel GOBER, Acting Secretary of Veterans Affairs, Appellee.

No. 94–1046.

United States Court of Veterans Appeals.

Oct. 8, 1997.

434

Before KRAMER, IVERS, and STEINBERG, Judges.

**ORDER**

PER CURIAM.

This matter is before the Court pursuant to a July 29, 1997, order of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) and that court's mandate thereupon.

On August 29, 1996, this Court reversed the August 25, 1994, decision of the Board of Veterans' Appeals (Board or BVA) to the extent that it had failed to address the appellant's claim for a rating greater than 10% and an effective date earlier than March 8, 1991, with respect to his service-connected back disability, and the Court remanded the matter to the Board for adjudication. *Holland v. Brown,* 9 Vet.App. 324, 331 (1996). As to the appellant's claim for an increased rating for residuals of a left-ankle fracture, the Court dismissed the appeal based upon his stated desire to abandon that claim. *Id.* at 325, 331. As to his claim for service connection for the shortening of his left leg as a condition secondary to his service-connected left-ankle disability, the Court dismissed the appeal on the basis of a lack of a jurisdiction-conferring Notice of Disagreement (NOD) under the Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note). The Court concluded that no NOD had been

filed initiating appellate review at the BVA of the November 1993 Department of Veterans Affairs (VA) Regional Office (RO) denial of this claim. *Holland,* 9 Vet.App. at 330–31. *But see id.* at 331 (Ivers, J., concurring in the result) (concluding that all elements of service-connection claim had been finally adjudicated and thus rejecting analysis that appellant's claim automatically remained in appellate status).

**I. Background**

As to an increased rating and earlier effective date for the appellant's service-connected back-disability claim, the Court, relying on *Hamilton v. Brown,* 4 Vet.App. 528, 538 (1993) (en banc), *aff'd,* 39 F.3d 1574, 1582–85 (Fed.Cir.1994), for the proposition that a claim remanded by the Board remains in appellate status during the subsequent RO adjudications, and on *West (Walter) v. Brown,* 7 Vet.App. 329, 331–32 (1995) (en banc), for the proposition that an NOD as to an RO denial of a service-connection claim encompasses and places in appellate status all elements of such claim, including rating and effective date, even though those elements have not been addressed by the RO decision appealed to the BVA, held that the May 1991 NOD as to the April 1991 RO decision denying service connection for the appellant's back disorder encompassed rating and effective-date issues arising after the April 1993 Board remand and pursuant to the May 1993 RO award of service connection. *Holland,* 9 Vet.App. at 327–30. The Court further held, pursuant to *West, supra,* that "it was the May 1991 NOD [that] gave the Board jurisdiction over the rating and effective-date elements of the back claim," and that the "April 1993 RO decision was thus not a final disposition of the back claim, and no response to the S[upplemental] S[tatement of the] C[ase (SOC)] (issued by the RO while the case was on remand) was necessary to effectuate a return to the Board of the rating and effective-date elements of the already appealed service-connection claim" for its "continued appellate processing and a final Board decision". *Holland,* 9 Vet. App. at 330. The Court thus reversed the Board decision that his claim "has not been procedurally developed for appellate pur-

poses and is not properly before the Board at this time" (Record at 8) and remanded to the Board for adjudication of the rating and effective-date issues. *Holland*, 9 Vet.App. at 331.

On January 14, 1997, the en banc Court denied the Secretary's motion for review by the full Court. *Holland v. Brown*, 10 Vet. App. 42 (1997) (en banc). In concurrently denying panel reconsideration, a panel majority noted:

> The Secretary is correct that the appellant should have received from the RO an SSOC on the issues, pursuant to 38 C.F.R. §§ 19.31 and 19.38 (1995), after the RO issued its decision on remand. Given the Secretary's concern for procedural fairness, the panel majority is certain that the Secretary will ensure that the RO issues an SSOC to the appellant on those issues on appeal prior to the Board's consideration of them.

*Ibid.* Thereafter, the Secretary appealed to the Federal Circuit. On July 29, 1997, the Federal Circuit summarily reversed the decision of this Court and remanded the matter pursuant to the Federal Circuit's July 10, 1997, order, which had noted that that court had issued a decision in *Grantham v. Brown*, 114 F.3d 1156 (Fed.Cir.1997), *rev'g* 8 Vet. App. 228 (1995), and had directed the Secretary to show cause why the *Holland* case "should not be summarily reversed and remanded in accordance with *Grantham*." On September 19, 1997, the Federal Circuit issued its mandate.

## II. Discussion

The Federal Circuit in *Grantham* (without discussing *West, supra* but see *Grantham*, 114 F.3d at 1159, 1160 (Archer, C.J., concurring)) reaffirmed its opinion in *Hamilton*, 39 F.3d 1574; *see also Grantham*, 114 F.3d at 1160–61 (Archer, C.J., concurring), and held that an appeal initiated by an NOD as to an RO's "rejection of the logically up-stream element of service-connectedness ... could not concern the logically down-stream element of compensation level[, a new and previously undecided issue]" and that "[t]herefore, the second NOD creates jurisdiction because, as a matter of logic, the second

NOD is the first NOD that is actually able to initiate appellate review of the [rating] issue." *Grantham*, 114 F.3d at 1158–59. Subsequently, the Federal Circuit issued its decision in *Barrera v. Gober*, 122 F.3d 1030 (Fed.Cir.1997) (consolidated with *Johnson v. Gober*, No. 95–7057). There, the court expressly stated that *Grantham* had "overruled" *West, supra*, and explained its holding in *Grantham* as follows: "[A] veteran's overall claim, or case, for benefits is comprised of separate issues", and the Court "has jurisdiction to consider an appeal concerning one or more of those issues, provided a[n] NOD has been filed after the effective date of the [VJRA] *with regard to the particular issue*." *Barrera*, 122 F.3d at 1032 (emphasis added); *see also id.* at 1038 (Plager, J., concurring) ("The decision in *Hamilton* is fully consistent with the position the Court takes today.... If the issue has been previously appealed to the Board, then a subsequent document expressing disagreement over the redetermination of that issue, usually on remand, cannot be and is not a jurisdiction-conferring NOD because it does not 'initiate' appellate review of that issue.... On the other hand, if a document expresses disagreement with an initial determination of *an issue* by the [agency of original jurisdiction], on remand or otherwise, then that document can be a jurisdiction-conferring NOD because it initiates review of *that* issue.") (emphasis added); *West*, 7 Vet.App. at 333–39 (Steinberg and Kramer, JJ., dissenting on the ground that majority opinion was contrary to this Court's and the Federal Circuit's opinions in *Hamilton, supra*, and all applicable law and regulation).

▬ In *Holland, supra*, the majority opinion noted the *Barrera* appeal then pending at the Federal Circuit and both parties' arguments there that *West* should be overruled, and provided an alternative disposition of the back-disability claim that would have obtained had *West* been decided in accordance with the dissent therein. *Holland*, 9 Vet.App. at 329–30; *see also West*, 7 Vet. App. at 333–39. In light of the Federal Circuit's overruling of *West*, the Court now proceeds with that alternative disposition, which calls for the same basic result (holding

that there is a jurisdiction-conferring NOD and remanding the case to the BVA) as was reached in the Court's initial opinion, *Holland*, 9 Vet.App. at 331, and was proposed by the concurring opinion, *id.* at 332–33 (Ivers, J., concurring in the result). The Court now holds that the RO's April 1993 award of service connection consisted of a full award of benefits on the appeal initiated by the May 1991 NOD and that that same RO decision as to the "compensation level", *Grantham*, 114 F.3d at 1158, or rating, and effective-date elements or issues required a separate NOD in order for them to be placed in appellate status for the first time. The Court further holds that the September and November 1993 statements from the appellant, which expressed his disagreement with the RO's April 1993 decision as to the disability rating and effective date assigned as to the back-disability claim, constituted an NOD as to those two "down-stream element[s]" (*Grantham*, 114 F.3d at 1159), and thereby initiated an appeal of the back-disability claim as to those two elements. Consequently, the appellant is entitled to an SOC, pursuant to 38 U.S.C. § 7105(d)(1) and 38 C.F.R. §§ 19.26, 19.29, and 19.30, from the RO as to its April 1993 decision on those two issues, and the Court will remand the back-disability claim to the Board for appropriate procedural compliance. Once the RO issues an SOC regarding the rating and effective date for the service-connected back disability, the appellant will be able to obtain appellate review on either or both issues by filing a VA Form 9 (Substantive Appeal to BVA) with the RO. *See* 38 U.S.C. § 7105(a), (d)(3); 38 C.F.R. § 20.202 (1996); *Roy v. Brown*, 5 Vet.App. 554, 555 (1993); *cf. Rowell v. Principi*, 4 Vet.App. 9, 16–17 (1993) (Board may waive filing of Substantive Appeal).

Because the Court's prior dispositions (dismissals) of the two claims other than the back-disability claim involved in this case were not premised on *West* and because the Federal Circuit's summary reversal of our opinion was specifically based on *Grantham*'s overruling of *West*, the Court's disposition of the other two claim remains in effect.

### III. Conclusion

Upon consideration of the foregoing, it is

ORDERED that the August 25, 1994, Board decision is VACATED to the extent that it failed to remand the appellant's service-connected back-disability claim to the RO for appropriate procedural compliance, specifically the issuance of an SOC. *See* 38 U.S.C. § 7105(d)(1) (issuance of SOC required after filing of NOD); *Tablazon v. Brown*, 8 Vet.App. 359, 361 (1995) (noting that claim still open and RO decision not final where no SOC issued after filing of NOD); *see also Archbold v. Brown*, 9 Vet.App. 124, 129 (1996) (noting "fundamental procedural deficiencies", including "failure of VA ... to issue an SOC after [claimant] filed ... NOD"). The Court REMANDS this matter to the Board for expeditious proceedings consistent with this order and in accordance with section 302 of the Veterans' Benefits Improvements Act, Pub.L. No. 103–446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims "remanded" by BVA or Court). Any final decision by the Board following the remand herein ordered will constitute a new decision that, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new Board final decision is mailed to the appellant.