THIS VERSION INCLUDES AN ERRATA DATED 10OCT00-e

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 97-1244

LORENZO J. ARMENTROS,                                        APPELLANT,

v.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS,                  APPELLEE.

Before IVERS, STEINBERG, and GREENE, *Judges*.

O R D E R

On August 5, 1998, the pro se appellant filed a brief, consisting of an Informal Brief Form with attached pages numbered 1-33. He alleges a failure on the part of the Department of Veterans Affairs (VA) to obtain VA medical records pertinent to his case prior to a March 1990 VA regional office (RO) adjudication (R. at 324-27) of his September 1989 claim (R. at 222) of clear and unmistakable error (CUE) in a June 1978 VARO decision (R. at 200). *See, e.g.,* Appellant's Informal Brief (Br.) at 1-2; Appellant's Br. at 2-3. On November 9, 1998, the Secretary filed a motion for single-judge affirmance.

In *Hayre v. West*, 188 F.3d 1327 (Fed. Cir. 1999), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) handed down an opinion, the holding of which this Court has characterized as follows: "[A]n RO's failure to obtain [service medical records] . . . may have constituted a grave procedural error and, if so, then the RO decision at issue . . . was not final. *See id.* at 1335 ('if the Court of Appeals for Veterans Claims finds that the RO breached the duty to assist in 1972, then the 1972 RO decision is not final for purposes of direct appeal')." *Simmons v. West*, 13 Vet.App. 501, 506 (2000). The Federal Circuit then vacated an earlier decision of this Court and remanded the appeal to this Court for further consideration; the appeal is now pending before a panel of the Court. *Hayre v. Gober*, U.S. Vet. App. No. 95-854 (supplemental briefing ordered April 14, 2000). At issue is, inter alia, whether the Court may exercise jurisdiction over an RO decision that has not become final due to the sort of error identified in *Hayre v. West*, *supra*, absent a jurisdiction-conferring Notice of Disagreement (NOD) as to that RO decision. *See generally* Veterans' Judicial Review Act, Pub. L. No. 100-687 § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note); *Velez v. West*, 11 Vet.App. 148, 157 (1998) ("Court has no jurisdiction over an issue absent a post-November 18, 1988, NOD, expressing disagreement with an RO's decision on that issue or with an RO's failure to adjudicate that [issue]"); *see also Barrera v. Gober*, 122 F.3d 1030, 1031 (Fed. Cir. 1997); *Grantham v. Brown*, 114 F.3d 1156, 1157 (Fed. Cir. 1997), *rev'g* 8 Vet.App. 228 (1995). *But see* 38 U.S.C. § 7111 (permitting appeal to this Court of Board decision regarding CUE in prior Board decision, which is an original claim to the Board, without jurisdiction-conferring NOD). In view of the above and in the interest of judicial economy, the Court will postpone further proceedings in the instant case pending the issuance of an opinion in *Hayre v. Gober*.

Upon consideration of the foregoing, it is

ORDERED, sua sponte, that this matter is stayed pending the outcome of *Hayre v. Gober*, or further order of the Court.

DATED:      October 3, 2000                          PER CURIAM.