KASOLD, Judge,
concurring:
Mr. Seri acknowledges in his initial briefing that the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has held that an NOD as to an RO decision denying only service connection did not place into administrative appellate status the downstream elements of disability rating and effective date because these elements of a claim had not yet been initially adjudicated. See Grantham v. Brown, 114 F.3d 1156 (Fed.Cir.1997); Barrera v. Gober, 122 F.3d 1030 (Fed.Cir.1997); see also Collaro v. West, 136 F.3d 1304, 1308 (Fed. Cir.1998) (claim for disability compensa *446 tion benefits has five elements: (1) veteran status, (2) existence of a disability, (3) a connection between the veteran’s service and the disability, (4) degree of disability, and (5) effective date of the disability). He recognizes that this Court is bound by these decisions, see Bethea v. Derwinski, 2 Vet.App. 252, 254 (1992) (holding that this Court is bound by Federal Circuit precedent), but states that he intends to seek en banc review by the Federal Circuit (although he presents no argument or explanation for why the Federal Circuit erred).
At oral argument, it was noted that the Federal Circuit rendered its decisions on this issue when an NOD filed after November 18, 1988, was a predicate to the exercise of our jurisdiction. See Pub.L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988); Skinner v. Derwinski, 1 Vet.App. 2, 3 (1990). It was further noted that this is no longer the case. See Pub.L. No. 107-103, § 603(a), 115 Stat. 976, 999 (2001) (repealing Pub.L. No. 100-687, § 402); Kelly v. Nicholson, 463 F.3d 1349, 1352 (Fed.Cir.2006) (filing of NOD on or after November 18, 1988, is no longer a prerequisite to the Court’s exercise of its jurisdiction). Mr. Seri argued that Grantham and Barrera were no longer applicable because of the change in law eliminating the requirement for a post-November 18, 1988, NOD as a predicate for the exercise of our jurisdiction. I find no merit in either the bald assertion that the Federal Circuit wrongly decided these cases, or in the argument that the change in law with regard to the NOD as a predicate to our jurisdiction warrants our distinguishing the decisions of the Federal Circuit such that they do not apply in this case.
Although Grantham and Barrera were rendered at a point in time when an NOD was a jurisdictional predicate for this Court, the holdings in those cases — that an NOD placed into administrative appellate status only those elements of a claim decided by the agency of original jurisdiction — do not rest on the fact that a pre-1988 NOD was necessary to invoking our jurisdiction. Rather, they rest on an interpretation of 38 U.S.C. § 7105 that an NOD is an expression of disagreement with the initial adjudicative decision and on the recognition that a claim for service-connected disability compensation benefits has five elements and that all elements may not be resolved in an initial decision.[1] Specifically, the Federal Circuit stated that it “is clear that an agency of original jurisdiction’s (AOJ’s) first decision regarding a claim for benefits might not resolve, or even address, all necessary elements of the application for benefits,” and further stated that it is “only the second NOD that could, and did, initiate appellate review” as to any element of the claim that had not been placed into appellate status by the first NOD. Grantham, 114 F.3d at 1158; see also 38 U.S.C. § 7105(a)-(c); Barrera, 122 F.3d at 1034-40 (Plager, J., concurring) (explaining and distinguishing Hamilton, which involved an NOD that placed the element of service connection into appellate status that remained in appellate status until finally adjudicated by the Board); Grantham, 114 F.3d at 1159-61 (Archer, J., concurring) (explaining and distinguishing Hamilton).
In this instance, Mr. Seri filed an NOD with the initial 1995 decision of the RO that denied his claim because his disability was not service connected. The 1995 RO *447 decision made no determination with regard to a disability rating or an effective date, and these elements of the claim were not placed into administrative appeal to the Board. When, on remand from the Board, the 1998 RO decision awarded service connection, this constituted an award of full benefits with regard to the element of Mr. Serfs claim that he had previously placed into appellate status. See Holland v. Gober, 10 Vet.App. 433, 436 (1997) (applying Barrera and Grantham, and holding that an award of service connection was “a full award of benefits on the appeal” initiated by an appeal of an RO decision that denied service connection). Thus, Mr. Serfs contention that his NOD with the 1995 RO decision placed his entire claim in administrative appeal status and it remained there until the 2004 Board finally addressed it is without merit.
Under the circumstances of this case— where the 1998 RO decision was final, Mr. Seri did not argue below for additional benefits related to his psychiatric disorder claim, the entire proceedings before the Board addressed only the claim for educational benefits, Mr. Seri acknowledged below that claims for these benefits were the only claims being adjudicated by the Board, and the Board provided only one statement at the outset of its opinion noting that the psychiatric disorder claim was no longer on appeal — the Board’s statement regarding the psychiatric disorder claim is viewed properly as simply a comment on the status of the claim and not a separate decision on the claim bringing new life to what has been final since 1998. Inasmuch as the psychiatric claim became final in 1998 and was not otherwise before the 2004 Board for appellate adjudication (e.g., the record contains no request for revision under 38 U.S.C. § 5109A or claim to reopen under 38 U.S.C. § 5108),[2] it is not now properly before the Court. Compare Kirkpatrick v. Nicholson, 417 F.3d 1361, 1365 (Fed.Cir.2005) (‘“when the Board has not rendered a decision on a particular issue, the court has no jurisdiction to, consider it under section 7252(a)’ ” (quoting Howard v. Gober, 220 F.3d 1341, 1344 (Fed.Cir.2000))), and Rudd v. Nicholson, 20 Vet.App. 296, 300 (2006) (dismissing appeal for lack of jurisdiction where no proper claim had been raised to the Board), with Ledford v. West, 136 F.3d 776, 779 (Fed.Cir.1998) (Court has jurisdiction over claims explicitly addressed by Board in a final decision, referenced in an NOD, or otherwise reasonably raised).

. Although these decisions interpret section 7105 in light of the provisions of Pub.L. No. 100-687, § 402, the substantive holding of these cases is that only one NOD may be filed as to any given issue in a claim. See Barrera, 122 F.3d at 1038 (Plager, J., concurring). The premises upon which Barrera, Grantham, and Hamilton rely are left unaffected by the repeal of § 402.

. The Board has original jurisdiction under 38 U.S.C. § 7103(c) to review and correct the record for obvious error; however, the Board's statement with regard to the psychiatric disorder claim contained no correction of obvious error, thus demonstrating that it was not exercising its original jurisdiction to correct obvious error. See Jarrell v. Nicholson, 20 Vet.App. 326, 331 n. 4 (2006) (en banc) (Board has original jurisdiction to correct obvious error pursuant to 38 U.S.C. § 7103(c)).