Citation Nr: 1542423 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 12-04 655 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
 in Pittsburgh, Pennsylvania


THE ISSUES

Entitlement to an effective date earlier than January 12, 2007, for the award of a total disability rating based on individual unemployability (TDIU), claimed on the basis of clear and unmistakable error (CUE) in December 1999 and June 2007 RO rating decisions.


REPRESENTATION

Appellant represented by: Susan Paczak, Attorney


ATTORNEY FOR THE BOARD

J.N. Moats, Counsel



INTRODUCTION

The Veteran served on active duty from September 1943 to April 1945. 

This appeal to the Board of Veterans' Appeals (Board) various RO rating decisions. 

In a June 2010 rating decision, the RO found that there was no CUE in the assignment of January 12, 2007 (the date of a reopened claim) as the effective date for the award of a TDIU. In September 2010, the Veteran filed a notice of disagreement (NOD). A statement of the case (SOC) was issued in February 2012, and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) that same month. 

In May 2012, the Acting Chairman of the Board advanced this appeal on the Board's docket, upon his own motion. See 38 U.S.C.A. § 7107(a)(2)(C) (West 2014) and 38 C.F.R. § 20.900(c) (2015). 

In July 2012, the Board denied an earlier effective date for the award of a TDIU, claimed on the basis of CUE; in the decision, the Board specifically addressed the matter of CUE in a December 1999 rating decision. The Veteran appealed that decision to the United States Court of Appeals for Veterans Claims (Court). In January 2014, the Court issued a Memorandum Decision vacating the Board's decision, and remanding the appeal to the Board for further proceedings consistent with the Court's decision. 

In the February 2014 rating decision, the RO specifically found that there was no CUE in a June 2007 rating decision. In March 2014, the Veteran filed a NOD. A SOC was issued in June 2015, and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in July 2015. 

To comply with the Court's Memorandum Decision, the Board remanded the claim on appeal to the RO, via the Appeals Management Center (AMC) in Washington, DC, to adjudicate the claim of CUE in the December 1999 rating decision; this was accomplished in a June 2015 rating decision. In August 2015, the Veteran filed an NOD. However, as discussed further below, a SOC has not yet been issued with respect to this matter. 

The Board notes that this appeal has been processed utilizing the paperless, electronic Veterans Benefits Management System (VBMS) and Virtual VA claims processing systems.

For the reasons expressed below, the matter on appeal is again being remanded to the agency of original jurisdiction (AOJ)-as the Veteran has completed the first of two actions required with respect to the matter of CUE in the December 1999 rating decision. VA will notify the Veteran when further action, on his part, is required. 


REMAND

Unfortunately the Board finds that further RO action on the claim on appeal is warranted, even though such will, regrettably, further delay an appellate decision on the matter on appeal. 

A remand by the Board confers upon a veteran, as a matter of law, the right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

In its prior remand, the Board directed the AOJ to adjudicate the claim of CUE in the December 1999 rating decision. The Board notes that, in the June 2015 rating decision, the AOJ found that there was no CUE in the December 1999 rating decision. The Veteran was furnished notice of this rating decision on June 30, 2015. On August 6, 2015, the Veteran, through his attorney-representative, filed an NOD to this rating decision. An NOD has been filed with respect this decision; however, the AOJ has yet to issue a SOC with respect to that claim, the next step in the appellate process. See 38 C.F.R. § 19.29; Manlincon v. West, 12 Vet. App. 238, 240-41 (1999); Holland v. Gober, 10 Vet. App. 433, 436 (1997). In its prior remand, the AOJ was advised that it should not return the claims file to the Board until after the Veteran has either perfected an appeal of the CUE claim, or the time period for doing so has expired, whichever occurs first. Consequently, this matter must be remanded to the RO for the issuance of an SOC. Id. The Board emphasizes, however, that to obtain appellate review of any issue not currently in appellate status, a perfected appeal must be filed. See 38 U.S.C.A. § 7105; 38 C.F.R. §§ 20.200, 20.201, 20.202.

Further, the Board points out that, as any decision with respect to the claim for CUE in the December 1999 rating decision may affect the Veteran's claim for an earlier effective date for the award of a TDIU, including CUE in the June 2007 rating decision, these matters are inextricably intertwined. See Parker v. Brown, 7 Vet. App. 116 (1994); Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final Board decision cannot be rendered unless both are adjudicated). As they should be considered together, it follows that, any Board action on the effective date claim, including CUE in the June 2007 rating decision, at this juncture, would be premature. Hence, a remand of this matter is warranted, as well.

While this matter is on remand, to ensure that all due process requirements are met, and that the record is complete, the AOJ should also give the Veteran another opportunity to present additional information and/or evidence pertinent to the claim on appeal, explaining that he has a full one-year period for response. See 38 U.S.C.A § 5103(b)(1) (West 2014); but see 38 U.S.C.A. § 5103(b)(3) (clarifying that VA may make a decision on a claim before the expiration of the one-year notice period). 

Thereafter, the AOJ should attempt to obtain any additional evidence for which the Veteran provides sufficient information, and, if needed, authorization, following the current procedures prescribed in 38 C.F.R. § 3.159 (2015).

The actions identified herein are consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015). However, identification of specific actions requested on remand does not relieve the AOJ of the responsibility to ensure full compliance with the VCAA and its implementing regulations. Hence, in addition to the actions requested above, the AOJ should also undertake any other development and/or notification action deemed warranted by the VCAA prior to adjudicating the claim on appeal. 

Accordingly, this matter is hereby REMANDED for the following action:

1. Furnish to the Veteran and his representative an SOC with respect to the finding in the June 2015 rating decision that there was no CUE in a December 1999 rating decision, along with a VA Form 9, and afford them the appropriate opportunity to file a substantive appeal to perfect an appeal as to that issue. 

2. Send to the Veteran and his representative a letter requesting that the Veteran provide sufficient information, and if necessary, authorization to enable it to obtain any additional evidence pertinent to the claim on appeal that is not currently of record. 

Clearly explain to the Veteran that he has a full one-year period to respond (although VA may decide the claim within the one-year period). 

3. If the Veteran responds, obtain all identified evidence following the current procedures set forth in 38 C.F.R. § 3.159. All records and responses received should be associated with the claims file. If any records sought are not obtained, notify the Veteran and his attorney-representative of the records that were not obtained, explain the efforts taken to obtain them, and describe further action to be taken.

4. To help avoid future remand, ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. Stegall v. West, 11 Vet. App. 268 (1998). 

5. After completing the requested actions, and any additional notification and/or development deemed warranted, readjudicate the claim for an earlier effective date in light of all pertinent evidence and legal authority.

6. If the benefit sought on appeal remains denied, furnish to the Veteran and his attorney-representative an appropriate supplemental SOC that includes clear reasons and bases for all determinations, and afford them the appropriate time period for response before the claims file is returned to the Board for further appellate consideration.

The purpose of this REMAND is to afford due process and to accomplish additional development and adjudication; it is not the Board's intent to imply whether the benefits requested should be granted or denied. The Veteran need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999); Colon v. Brown, 9 Vet. App. 104, 108 (1996); Booth v. Brown, 8 Vet. App. 109 (1995); Quarles v. Derwinski, 3 Vet. App. 129, 141 (1992).



This REMAND must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014). The AOJ is reminded that this appeal has been advanced on the Board's docket. 



_________________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2015).