Citation Nr: 1719083 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 12-34 162 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to an initial compensable rating for a ventral hernia. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

J. Rutkin, Counsel



INTRODUCTION

The Veteran served on active duty from July 1968 to July 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.


FINDING OF FACT

The Veteran's ventral hernia is small and does not require a supportive belt or involve weakening of the abdominal wall. 


CONCLUSION OF LAW

The criteria for an initial compensable rating for a ventral hernia have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.321, 4.3, 4.114, Diagnostic Code 7339 (2016). 


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

VA's duties to notify and assist have been satisfied, or no prejudicial error exists. 38 U.S.C.A §§ 5103, 5103A (West 2014); 38 C.F.R. §§ 3.159, 3.326(a), 3.327 (2016); see Shinseki v. Sanders, 556 U.S. 396, 407, 410 (2009); Conway v. Principi, 353 F.3d 1369, 1374 (Fed. Cir. 2004); see also Goodwin v. Peake, 22 Vet. App. 128, 137 (2008); cf. Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).




II. Merits of Appeal

The Veteran seeks a higher initial rating for his service connected ventral hernia. For the following reasons, the Board finds that the criteria for an initial compensable rating have not been met or more nearly approximated during the pendency of this claim.


A. Applicable Law

i. General Rating Principles 

VA has adopted a Schedule for Rating Disabilities to evaluate service-connected disabilities. 38 U.S.C.A. § 1155; 38 C.F.R. § 3.321; see generally, 38 C.F.R. § Part IV. The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life, including employment. 38 C.F.R. § 4.10 (2016). The percentage ratings in the Schedule for Rating Disabilities represent, as far as practicably can be determined, the average impairment in earning capacity resulting from service-connected diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1 (2016). Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbation or illness proportionate to the severity of the several grades of disability. 38 C.F.R. § 4.1. 

Diagnostic codes in the rating schedule identify the various disabilities and the criteria for specific ratings. If two disability evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. 38 C.F.R. § 4.7 (2016). Otherwise, the lower rating will be assigned. Id. All reasonable doubt regarding the degree of disability will be resolved in favor of the claimant. 38 C.F.R. § 4.3; see also 38 C.F.R. § 3.102. 



Separate ratings for distinct disabilities resulting from the same injury or disease can be assigned so long as the symptomatology for one condition is not "duplicative or overlapping with the symptomatology" of the other condition. See Amberman v. Shinseki, 570 F.3d 1377, 1381 (Fed. Cir. 2009); Esteban v. Brown, 6 Vet. App. 259, 261-62 (1994). However, the evaluation of the same disability or its manifestations under various diagnoses, which is known as pyramiding, is to be avoided. 38 C.F.R. § 4.14 (2016).

In application of the rating criteria, it is not expected that all cases will show all the findings specified. 38 C.F.R. § 4.21 (2016). However, findings sufficiently characteristic to identify the disease and the resulting disability and, above all, coordination of rating with impairment of function will be expected in all instances. Id.

Because the level of disability may have varied over the course of the claim, the rating may be "staged" higher or lower for segments of time during the period under review in accordance with such variations. Hart v. Mansfield, 21 Vet. App. 505, 509-10 (2007); Fenderson v. West, 12 Vet. App. 119, 126 (1999). In initial rating cases, where the appeal concerns the evaluation assigned in a rating decision that granted service connection for the disability at issue, VA assesses the level of disability from the effective date of service connection. Fenderson, 12 Vet. App. at 125; 38 U.S.C.A. § 5110 (West 2014); 38 C.F.R. § 3.400 (2016). 


ii. Rating Criteria for Ventral Hernias 

The Veteran's ventral hernia has been assigned a noncompensable rating under 38 C.F.R. § 4.114, Diagnostic Code (DC) 7339, which pertains to post-operative ventral hernia. Under DC 7339, a 0 percent rating is assigned for postoperative wounds that are healed, with no disability, and a belt not indicated. A 20 percent rating is assigned for small ventral hernias that are not well-supported by a belt under ordinary conditions, or a healed ventral hernia or post-operative wounds with weakening of abdominal wall and indication for a supporting belt. A 40 percent rating is assigned for large ventral hernias that are not well-supported by a belt under ordinary conditions. A 100 percent rating is assigned for massive, persistent, and severe diastasis of recti muscles or extensive diffuse destruction or weakening of muscular and fascial support of the abdominal wall so as to be inoperable. 38 C.F.R. § 4.114, DC 7339.


B. Evidentiary Standard

A claimant is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence on any issue material to the claim. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102 (providing, in pertinent part, that reasonable doubt will be resolved in favor of the claimant). When the evidence supports the claim or is in relative equipoise, the claim will be granted. See Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990); see also Wise v. Shinseki, 26 Vet. App. 517, 532 (2014). If the preponderance of the evidence weighs against the claim, it must be denied. See id.; Alemany v. Brown, 9 Vet. App. 518, 519 (1996). 


C. Facts

By way of background, service connection was granted in an April 2011 rating decision for a scar as a residual of an abdominal gunshot wound, which was rated as noncompensable. In this regard, an April 1970 service examination report reflects that the Veteran sustained a gunshot wound to the abdomen, which was characterized as a flesh wound. A September 2010 VA skin examination report reflects that the Veteran had undergone a laparotomy at the time, and that it was noted that the bullet did not go through any abdominal organs. The surgery site was closed up except for the surface wound, which was left open to heal. The Veteran went back to duty a week later. At the September 2010 VA examination, the examiner found a superficial scar as well as a small hernia just above the umbilicus and below the scar. The Veteran has not appealed the initial evaluation of the scar assigned in the April 2011 rating decision. Instead, he appeals the initial rating of the hernia assigned in the December 2011 rating decision. Accordingly, this appeal is limited to the evaluation of the hernia. Cf. Holland v. Gober, 10 Vet. App. 433 (1997) (per curiam order). 

At the September 2010 VA examination, the Veteran reported significant pain in the abdominal area when he lifted anything. 

A June 2011 VA examination report reflects that the hernia was painful at times when the Veteran lifts. He stated that he had just built a deck, and when he lifted the lumber it bothered him. He had not undergone surgery for the hernia. There was no effect on his occupation or daily activities. On examination, a hard mass was found that was a quarter inch in diameter just above the umbilicus. An abdominal ultrasound confirmed the presence of the hernia. 

In a November 2012 statement, the Veteran wrote that his hernia pain limited his ability to lift, and noted that it affected his ability to perform work-related duties. 

A July 2013 VA examination report reflects a diagnosis of a ventral hernia. The hernia appeared operable and remediable. There was no indication for a supporting belt. With regard to functional impact, the Veteran reported pain with heavy lifting over bending over. 


D. Analysis

The preponderance of the evidence shows that although the Veteran's ventral hernia causes some pain with lifting and bending, it is small, it does not require a supportive belt, it is not manifested by weakening of the abdominal wall, and there is no muscle involvement. Thus, the criteria for a compensable rating under DC 7339 are not met or more nearly approximated. See 38 C.F.R. § 4.114. 

Not all the findings specified in the rating criteria need be shown. See 38 C.F.R. § 4.21. However, the criteria for a 20 percent rating, which is the minimal 

compensable rating provided for a ventral hernia, are sufficiently specific for the Board to conclude that the Veteran's pain on lifting, without more, does not more nearly approximate this criteria. No further disability or limitation in activities is shown by the evidence. Accordingly, when coordinating the rating with impairment of function, the Board finds that the criteria for a compensable rating are not more nearly approximated. See id.; 38 C.F.R. § 4.114. 

Although there may have been some fluctuations in severity of the Veteran's symptoms over the course of this appeal, the preponderance of the evidence shows that his ventral hernia has not met or more nearly approximated the criteria for a compensable rating at any point during the pendency of this claim, for the reasons explained above. Thus, staged ratings are not warranted for the time period under review. See Hart, 21 Vet. App. at 509-10; Fenderson, 12 Vet. App. at 126. 

The Board finds no other potentially applicable diagnostic codes. In this regard, the evidence shows that there is no muscle involvement due to the gunshot wound, which was characterized in the April 1970 service examination as a flesh wound. The VA examination reports and treatment records do not show muscle involvement. As already noted, this appeal is limited to whether an initial compensable rating is warranted for the ventral hernia. Thus, the rating criteria for muscle injuries will not be considered. See 38 C.F.R. §§ 4.56, 4.73 (2016). 

In sum, the preponderance of the evidence is against assignment of an initial compensable rating for the ventral hernia. Consequently, the benefit-of-the-doubt rule does not apply, and the claim is denied. See 38 U.S.C.A. § 5107; 38 C.F.R. §§ 4.3, 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

The Board is grateful to the Veteran for his honorable service, and regrets that it cannot render a favorable decision in this case. 



III. Extraschedular Consideration

The evaluation of the Veteran's ventral hernia does not warrant referral for extraschedular consideration. See 38 C.F.R. § 3.321(b); Thun v. Peake, 22 Vet. App. 111, 114 (2008); aff'd, Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009). In this regard, because the ratings provided under the VA Schedule for Rating Disabilities are averages, it follows that an assigned rating may not completely account for each individual veteran's circumstances, but nevertheless is still considered adequate to address the average impairment in earning capacity caused by the disability. Thun, 22 Vet. App. at 114. However, in exceptional situations where the rating is inadequate, it may be appropriate to refer the case for extraschedular consideration. Id. 

The governing norm in these exceptional cases is a finding that the disability at issue presents such an exceptional or unusual disability picture with related factors such as marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards. Id.; 38 C.F.R. § 3.321(b)(1). 

These criteria have been broken up into two elements: (1) The schedular criteria must be inadequate to describe the claimant's disability level and symptomatology and (2) There must be related factors such as marked interference with employment or frequent periods of hospitalization. Thun, 22 Vet. App. at 116; Anderson v. Shinseki, 22 Vet. App. 423, 427 (2009). If both elements are met, the case must be referred to the Under Secretary for Benefits or the Director of the Compensation and Pension Service for a determination of whether the claimant's disability picture requires the assignment of an extraschedular rating. Thun, 22 Vet. App. at 116; 38 C.F.R. § 3.321(b). If either element is not satisfied, then referral is not warranted. Yancy v. McDonald, 27 Vet. App. 484, 494-95 (2016). 

Here, regardless of whether an exceptional or unusual disability picture is shown (the Board need not decide), the evidence shows that there are no related factors such as marked interference with employment or frequent periods of hospitalization. Thus, the second element is not satisfied. See Thun, 22 Vet. App. at 116; Yancy, 27 Vet. App. at 494-95. Consequently, the Board will not refer this case for extraschedular consideration. See id.; 38 C.F.R. § 3.321(b).


ORDER

An initial compensable rating for a ventral hernia is denied. 


______________________________________________
P. M. DILORENZO 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs