﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 200317-144031
DATE: April 30, 2021

ORDER

The appeal of entitlement to an initial rating in excess of 50 percent prior to March 24, 2020, and in excess of 70 percent thereafter for anxiety disorder is dismissed. 

FINDING OF FACT

The Board of Veterans’ Appeals (Board) does not have jurisdiction to adjudicate the issue currently on appeal, given that the Veteran had a pending Higher Level Review claim prior to the submission of the March 2021 VA Form 10182 Decision Review Request: Board Appeal (Notice of Disagreement), and concurrent election of review mechanisms is prohibited.

CONCLUSIONS OF LAW

The Board lacks jurisdiction to consider the appeal of the initial rating for service connection for anxiety disorder. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.2500, 20.205. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from March 1986 to February 1994.

This matter comes on appeal from a July 2020 rating decision by a Department of Veterans Affairs Regional Office (RO). 

Dismissal

The Veteran was granted service connection for anxiety, secondary to service-connected asthma, in a June 2019 Board decision. In August 2019, the RO implemented the Board’s grant and assigned an initial 50 percent rating for the Veteran’s anxiety disorder. 

In October 2019, the Veteran submitted a Decision Review Request: Higher-Level Review, seeking entitlement to a higher initial evaluation for anxiety disorder. In an October 2019 letter, the RO erroneously informed the Veteran that he could not seek higher-level review of a Board decision by that method. While the RO interpreted the Veteran’s request as seeking review of the Board decision that granted service connection for an anxiety disorder, the Veteran was in fact seeking review of the initial rating assigned in the August 2019 RO rating decision. See Grantham v. Brown, 114 F.3d 1156, 1158-59 (Fed. Cir. 1997) (holding that when an appealed claim for service connection is granted during the pendency of the appeal, the appeal ends and a second notice of disagreement (NOD) is needed to initiate appellate review of a downstream issue); Holland v. Gober, 10 Vet. App. 433 (1997) (holding that an AOJ’s decision awarding service connection constitutes a full award of benefits and as to the compensation level, rating, and effective date elements addressed in the same decision, a separate NOD is required in order to place these downstream elements in appellate status). The RO informed the Veteran that he should review the VA Form 20-0998 for his options to seek further review, which also lists HLR as one of his appeal options.

In a Statement in Support of Claim, received in March 2020, the Veteran indicated that he wanted the RO to consider his psychiatric exam and DBQ in rating his anxiety disorder. The Veteran completed an Intent to File, which was received on March 24, 2020. He was subsequently informed in April 2020 that he would be able to preserve the date of his claim so long as he filed his application within one year. In June 2020, the Veteran filed a VA Form 21-526EZ seeking an increased rating for his service-connected asthma and his anxiety disorder. The RO granted an increased rating of 70 percent for anxiety disorder in a July 2020 rating decision, and assigned an effective date of March 24, 2020, which was the date the Veteran’s Intent to File was received by the RO. In March 2021, the Veteran indicated in a Statement in Support of Claim that the RO had not responded to his Higher-Level Review request regarding the August 2019 rating decision. 

Under the AMA, there are three review lanes: (1) Higher-Level Review (HLR), (2) Supplemental Claim, and (3) Board Appeal. If a request for review under one of these three lanes is pending final adjudication, a claimant may not file a request for review under a different lane without first withdrawing the pending review request. See 38 C.F.R. § 3.2500(b); see also 38 C.F.R. §§ 3.2500(d), (e), 20.205. 

The selection of concurrent review mechanisms is prohibited by applicable regulations. 38 C.F.R. § 3.2500 (“[A] claimant who has filed for review under one of the options available under paragraph (a) of this section may not, while that review is pending final adjudication, file for review under a different available option.”). 

Here, the Veteran’s appeal of his initial rating was pending since October 2019, the receipt date of the VA Form 20-0996, HLR request, which was submitted within one year of the August 2019 rating decision. Thus, the subsequent Board appeal is invalid due to the pending HLR request. The Veteran cannot appeal the same issue discussed in a separate notification letter without first withdrawing his initial appeal selection. 

The Veteran’s March 2021 statement indicated that a decision on his HLR request had not been issued; as such, it is clear that the Veteran had not withdrawn this request. As discussed, the Veteran cannot choose multiple appeal review options for the same issue at the same time. The Board also notes that while the RO granted an increased rating of 70 percent for the Veteran’s service-connected anxiety disorder with an effective date in March 2020, this represents a staged rating that is part of the Veteran’s initial rating on appeal and should be addressed by the RO. See AB v. Brown, 6 Vet. App. 35, 38 (1993). As concurrent review mechanisms are prohibited by applicable regulations, the Board does not have jurisdiction to address the issue on appeal, and the claim must be dismissed. See id. 

Thus, the Board directs the RO’s attention to the pending VA Form 20-0996 HLR request filed in October 2019. 

 

Sarah Campbell

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board V. Geer, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.