Citation Nr: 1523824 
Decision Date: 06/04/15 Archive Date: 06/16/15

DOCKET NO. 10-24 682 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Albuquerque, New Mexico


THE ISSUES

1. Entitlement to service connection for a back condition.
 
2. Entitlement to service connection for nerve damage of the right leg and foot.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

L. J. Vecchiollo

INTRODUCTION

The Veteran had active service from August 1969 to August 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO) that denied service connection for a back condition and for nerve damage of the right leg and foot.

The Veteran testified at a hearing at the RO before the undersigned Veterans Law Judge (VLJ) in June 2011.

In a January 2012 decision, the Board remanded the claims for service connection for a back condition and nerve damage of the right leg and foot for further development and consideration. 

The Board notes that the issue of service connection for a skin condition was also previously on appeal. However, an October 2012 rating decision granted service connection for pseudofolliculitis barbae and acne. Thus, the appeal for service connection for a skin condition is no longer on appeal. See generally Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997), and Barrera v. Gober, 122 F.3d 1030 (Fed. Cir. 1997).

The Board notes that the RO is currently processing an appeal, via the electronic claims file (VBMS and Virtual VA), as to the evaluation assigned for the Veteran's pseudofolliculitis barbae in a March 2013 rating decision, and the Veteran has elected the Decision Review Officer (DRO) process. Moreover, additional evidence is still being developed as indicated by the electronic claims file. While the Board is cognizant of the Court's decision in Manlincon v. West, 12 Vet. App. 238 (1999), the Board notes that in this case, unlike in Manlincon, the RO has fully acknowledged the notice of disagreement (NOD) via letter to the Veteran, has input that information into the VACOLS tracking system, and the DRO continues to actively develop the claim. As such, no action will be taken by the Board at this time, and the issue presently on appeal before the RO will be the subject of a later Board decision, if ultimately necessary.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran has a right, as a matter of law, to compliance with the remand orders of the Board. Stegall v. West, 11 Vet. App. 268 (1998). 

The Veteran contends that that during service, he jumped into the water to assist a comrade who had fallen in from a small boat. He reported that during this incident, he slammed up against a barge that was also docked in the area and that he injured his back. According to the Veteran, he thinks the diagnosis was fracture of a lower lumbar vertebra and he was "put in a brace and put off duty for some time." Service treatment records do not confirm such injury and the Veteran's separation examination in August 1971 noted a normal spine. In addition, post-service treatment records, from 1975 to 2002 do not document any complaints or findings of a back condition or nerve damage of the right leg and foot. 

The AOJ, pursuant to Board remand, attempted to obtain Navy deck logs of the USS Denver to support the Veteran's contention that a fellow serviceman fell overboard between May 1970 to July 1970. The Veteran was notified of the absence of pertinent evidence in the Navy deck logs in an August 2013 letter. 

The Board also requested that, with respect to missing service treatment records, the AOJ determine whether any other requests for these records should be made or whether any further attempts to obtain these Federal records would be futile. This was to include but was not limited to the treatment with a Navy surgeon in 1970 following the claimed back injury. The Board requested that the AOJ provide written documentation of any further development action or determination that further attempts to obtain the records would be futile should be placed in the claims file. This development has not been accomplished. 

Additionally, the Board notes that a deferred rating decision dated in October 2012 indicated that a VA examination should be conducted with opinion obtained as to whether the Veteran's back disability and nerve condition of the legs is related to the claimed injury in service. Although an examination was conducted, an appropriate opinion was neither requested nor provided. On remand, the file should be returned to the physician who conducted the February 2013 back and nerve examination, if available, for an opinion to be obtained. 

Accordingly, the case is REMANDED for the following action:

1. With respect to missing service treatment records, determine whether any requests for these records should be made or whether any further attempts to obtain these Federal records would be futile. This includes but is not limited to the treatment with a Navy surgeon in 1970 following the claimed back injury. Written documentation of any further development action or determination that further attempts to obtain the records would be futile should be placed in the claims file.
 
2. For any federal records that cannot be obtained, the RO/AMC must provide notice to the Veteran with the following information: (i) The identity of the records VA was unable to obtain; (ii) An explanation of the efforts VA made to obtain the records; (iii) A description of any further action VA will take regarding the claim, including, but not limited to notice that VA will decide the claim based on the evidence of record unless the Veteran submits the records VA was unable to obtain; and (iv) A notice that the Veteran is ultimately responsible for providing the evidence.

3. Return the claims file to the physician who conducted the February 2013 VA back and nerve examination, if available. If that physician is not available, the file should be provided to another physician to obtain the requested opinions. If a new examination is deemed necessary to respond to the questions presented, one should be scheduled. 

Following review of the claims file the physician should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran's current low back and lower extremity nerve disability arose in service or is related to some incident of service, to include the Veteran's alleged injury of being "slammed" against a boat after jumping into the water to help a comrade. The examiner should explain the reasoning for the opinions provided. 

4. After the development requested above has been completed to the extent possible, the record should again be reviewed. If the benefits sought on appeal remain denied, then the Veteran and his representative should be furnished with a supplemental statement of the case and be given the opportunity to respond thereto. Thereafter, the case should be returned to the Board, if in order.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. A. BANFIELD 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).