Citation Nr: 1550156 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 12-24 827 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to a total disability rating based upon individual unemployablity (TDIU).

2. Entitlement to a higher initial rating for degenerative disc disease and spondylosis at L4-5 and L5-S1, lumbar spine, currently rated 40 percent disabling. 

3. Entitlement to an initial compensable rating for hypertension. 

(Due to separate representation, a separate decision has been issued on the other issues on appeal.)


REPRESENTATION

Appellant represented by: Daniel G. Krasnegor


ATTORNEY FOR THE BOARD

P. M. Johnson, Associate Counsel


INTRODUCTION

The Veteran had periods of active service from March 2003 to June 2003 and from December 2003 to July 2010. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. 

The rating decision, in pertinent part, granted service connection for degenerative disc disease and hypertension; these conditions were assigned noncompensable ratings. In a July 2012, Statement of the Case, the RO assigned the Veteran a 40 percent rating for degenerative disc disease throughout the appeal period. 

In August 2012, the Veteran, through his representative, perfected the appeal of these issues; however, the representative specifically limited the appeal in the following manner, 

I wish to continue the appeal for the assigned ratings for degenerative disc disease and hypertension..., but only to the extent that a TDIU was not assigned. [The Veteran] asserts that, due to his service-connected conditions in the aggregate (or due to one or more of the conditions individually), he is unable to work, and asks that his unemployablity be addressed as part of his appeal for higher ratings. See Rice v. Shinseki... To be clear, I am not challenging the assigned schedular ratings, but rather asserting that a TDIU should be granted effective the day following separation from service. 

In Rice, the United States Court of Appeals for Veterans Claims (Court) held that when evidence of unemployability is submitted at the same time that the Veteran is appealing the rating assigned for a disability, the claim for TDIU will be considered part and parcel of the claim for benefits for the underlying disability. Rice v. Shinseki, 22 Vet. App. 447, 454-55 (2009). Here, the Veteran's concern that he would be unable to find a job upon separation from service was expressed in a January 13, 2010 psychiatric care note in his service treatment records, which were submitted with his initial application for VA benefits. Therefore, the Veteran's claim for entitlement to a TDIU will be addressed below. 

The Veteran also initiated appeals of the denial of service connection for a right pectoral muscle disability and bilateral knee disabilities; however, as a subsequent February 2015 rating decision awarded service connection for these disabilities, they are no longer on appeal before the Board. See generally Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997); Barrera v. Gober, 122 F.3d 1030 (Fed. Cir. 1997). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Unfortunately, review of the record indicates that additional development must be conducted prior to adjudication by the Board. Specifically, while the Veteran (and his representative) has argued throughout the appeal period that the Veteran's service-connected conditions have rendered him unable to gain and maintain any type of substantially gainful employment, the Veteran's records from the Durham VA Medical Center (VAMC) indicate that the Veteran is currently working. 

During a mental health consult in August 2014, the Veteran reported that he was currently working "full-time." In May 2015, the Veteran cancelled a scheduled appointment because he was filling in for a co-worker on that day. While the record reflects that the Veteran is currently employed, it is unclear whether his current employment constitutes substantially gainful employment. TDIU may be assigned when the disabled person is unable to secure or follow a substantially gainful occupation. 38 C.F.R. § 4.16(a). The regulation explains that marginal employment shall not be considered "substantially gainful employment." Marginal employment is defined as employment where a Veteran's earned annual income does not exceed the amount established by the U.S. Department of Commerce, Bureau of the Census, as the poverty threshold for one person. Id.; see also Faust v. West, 13 Vet. App. 342 (2000). Marginal employment may also be found in some cases when earned annual income exceeds the poverty threshold, such as cases where there is employment in a protected environment, such as a family business or sheltered workshop. Id.

The evidence of the Veteran's prior employment from July 2010 through September 2013 reflects that the Veteran would periodically begin and end periods of employment that may not have been substantially gainful employment. In light of the past work history, the Board finds it necessary to remand the Veteran's claim to determine whether the Veteran is currently, or has been since October 2013, engaged in substantially gainful employment. 

Finally, as the Veteran has indicated that his claims for increased ratings for degenerative disc disease and hypertension are on appeal to the extent that the Veteran has not been granted a TDIU from the date that the Veteran was separated from service, the Board finds that these claims are inextricably intertwined with the Veteran's claim of entitlement for a TDIU. Therefore, consideration of these claims must be deferred until the intertwined issue is either resolved or is prepared for appellate consideration. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (where a claim is inextricably intertwined with another claim, the claims must be adjudicated together).

Accordingly, the case is REMANDED for the following action:

1. First, contact the Veteran and his representative and request identification of all sources of treatment for his service-connected conditions from September 2013 to the present. The AOJ should undertake appropriate efforts to obtain any indicated records and associate them with the claims file.

2. After the above development has been completed, the AOJ should undertake appropriate efforts to schedule the Veteran for a Social and Industrial Survey, or similar evaluation, to ascertain if the aggregate effect of the Veteran's service-connected disabilities preclude him from securing and following substantially gainful employment in light of his education and work history as a police officer, security officer, and firearms instructor.

3. Then, the AOJ should conduct any additional development action as it deems proper with respect to the Veteran's claims. When the development requested has been completed, the case should again be reviewed on the basis of the additional evidence and readjudicated. If the benefits sought are not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).






This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
H. SEESEL 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).