NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICIA D. STEWART,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7110

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2602, Judge William Greenberg.

---

Decided: February 22, 2016

---

AMY F. ODOM, National Veterans Legal Services Program, Washington, DC, argued for claimant-appellant. Also represented by BARTON F. STICHMAN, PATRICK A. BERKSHIRE.

ELIZABETH ANNE SPECK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E.

KIRSCHMAN, JR., ALLISON KIDD-MILLER; DAVID J.
BARRANS, BRIAN D. GRIFFIN, Office of General Counsel,
United States Department of Veterans Affairs, Washing-
ton, DC.

————————————

Before O'MALLEY, PLAGER, and BRYSON, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* PLAGER.

Dissenting opinion filed by *Circuit Judge* BRYSON.

PLAGER, *Circuit Judge.*

This is a veterans case. Patricia D. Stewart appeals
the judgment of the United States Court of Appeals for
Veterans Claims ("Veterans Court"). Stewart sought
disability benefits based on service connection for "stom-
ach problems," including Irritable Bowel Syndrome
("IBS"). The Department of Veterans Affairs ("VA")
denied benefits. The Board of Veterans' Appeals ("Board")
affirmed the denial. The Veterans Court vacated the
Board's determinations regarding certain aspects of its
decision, but left unchanged the Board's determination
that the Board need not adjudicate entitlement to benefits
for IBS. Because this latter determination by the Veter-
ans Court constituted legal error, we reverse that part of
the Veterans Court's judgment.

## BACKGROUND

*Proceedings Before Veterans Affairs Regional Offices*

Stewart served in the Army from January 1988 to
November 1994, including service in the Persian Gulf
War. In September 2005, Stewart requested service-
connected disability benefits for, inter alia, acid reflux
and stomach problems. In June 2006, the VA Regional
Office ("RO") in Muskogee, Oklahoma issued a decision
denying service connection for acid reflux and stomach
problems. The RO had "no medical evidence showing this

condition [(referring jointly to acid reflux and stomach problems)] began in or was made worse during [Stewart's] military service.  [Stewart's] service medical records do not show treatment for this condition."  J.A. 64.

In November 2006, Stewart asked the VA to reconsider her claim.[1]  In October 2007, the RO reopened the matter, but subsequently confirmed the prior denial of service connection.  The RO stated:

> [T]he evidence continues to show this condition was not incurred in or aggravated by military service. Service medical records are negative showing treatment or diagnosis of acid reflux in service. VA medical records dated March 2007, show a diagnosis of gastroesophageal reflux disease (GERD) but we have no link to relate this condition to service.

J.A. 74.

As part of its decision, the RO listed evidence that included "[t]reatment records VAMC [(VA Medical Center)], Salisbury dated March 2007 to August 2007."  J.A. 73.  One such medical record from May 2007 included a note of "?IBS.. see pcc for f/u," presumably indicating possible IBS and that a follow-up was desirable. *See* J.A. 79.

In March 2008, Stewart submitted a notice of disagreement ("NOD") to the October 2007 decision.  In July 2008, Stewart asked the VA to reopen her claim and, inter alia, "add" IBS.  In July 2008, after Stewart's request to reopen and in response to her NOD, the VA issued a

---

[1]  Stewart argues her request to reconsider should have been construed as a notice of disagreement ("NOD"), but she states this court "need not reach this issue as it is not dispositive to the issues currently before the [c]ourt." Appellant's Br. at 11, n.1.

statement of the case ("SOC") continuing the denial of service connection of acid reflux and stomach problems.

On August 7, 2008, the Board received Stewart's substantive appeal of the RO's October 2007 decision. On August 18, 2008, the VA made a "develop note" that "IBS [is] taken as [a] new condition (not part of GERD with stomach problems per Keith Cunningham, RVSR [(rating veterans service representative)]." J.A. 99. Also on August 18, 2008, the RO in Winston-Salem, North Carolina sent Stewart a letter stating that the VA was working on her application for service-connection for IBS. In February 2009, the RO in Columbia, South Carolina denied Stewart entitlement to service connection for IBS.

In November 2009, the VA requested a medical examination for Stewart and specifically asked for an "etiology of stomach problems [and] acid reflux." J.A. 118. In that request, the VA noted that the case was over one year old based on the NOD. On January 14, 2010, Stewart underwent a VA medical examination and was diagnosed with IBS.

In August 2010, the VA received private medical records that included a February 2005 treatment record with a physician note that Stewart has "what sounds like" IBS. J.A. 128. Also in August 2010, Stewart requested service-connected disability benefits for, inter alia, IBS. In November 2010, the Winston-Salem RO informed Stewart that the VA was working on the IBS claim, but that Stewart was previously denied service connection for IBS in the February 2009 decision and the appeal period had expired. The VA informed Stewart that new and material evidence was required for the VA to reopen the claim.

In March 2011, an RO issued a supplemental SOC continuing to deny service connection for acid reflux and stomach problems. The RO listed the following evidence: VA examination, WSOPC dated January 14, 2010; treatment reports from the VA Medical Center in Salisbury

dated March 22, 2007 to November 26, 2007; and Presbyterian Healthcare Associates (Charlotte Internal Medicine) dated June 21, 2004 to December 8, 2009.

In May 2011, an RO issued a decision determining that there was no new and material evidence submitted to reopen the previously denied claim for service connection for IBS.

In October 2011, Stewart sought increased compensation based on unemployability and listed IBS and acid-reflux as service-connected disabilities. In February 2012, an RO sent Stewart a letter stating the VA was working on her claim for IBS, but could take no action on her claims for acid reflux and stomach problems since those issues were on appeal.

### Proceedings Before the Board

In its May 2012 decision, the Board reopened Stewart's claim of entitlement to service connection for acid reflux and stomach problems, but denied service connection "for a gastroesophageal disorder, to include GERD as due to an undiagnosed illness." J.A. 42. Regarding IBS, the Board stated:

> The Board acknowledges that, with respect to the Veteran's claim for service connection for acid reflux and stomach symptoms to include as due to an undiagnosed illness, in *Clemons v. Shinseki*, 23 Vet. App. 1 (2009), the [Veterans Court] held that claims of entitlement to service connection for [*sic*] also encompass claims for service connection for all gastroesophageal disabilities afflicting a Veteran based on a review of the medical evidence. In this case, the record also reflects a diagnosis of GERD and IBS. However, regarding the Veteran's diagnosed IBS, the Board notes that Veteran submitted a specific claim for IBS in July 2008, which was denied by the RO in a February 2009

rating decision. The Veteran did not appeal that decision. Accordingly, the claim was [*sic*] been re-characterized as set forth on the title page of this decision.

The Board also notes that the Veteran submitted claims for service connection for . . . acid reflux, [and] stomach problems . . . which were denied by the RO in June 2006. In an October 2007 rating decision the RO adjudicated the above claim based on whether new and material evidence had been received to reopen the previously denied claims for service connection. The Board notes that a new theory of causation for the same disease or injury that was the subject of a previously denied claim cannot be the basis of a new claim under 38 U.S.C.A. § 7104(b). *Boggs v. Peake*, 520 F.3d 1330, 1336 (Fed. Cir. 2008).

J.A. 22–23.

The title page of the Board's decision—referenced above—lists several "issues" including "[w]hether new and material evidence has been received to reopen a claim of entitlement to service connection for 'stomach problems' and acid reflux" and "[e]ntitlement to service connection for gastroesophagial disorder to include gastroesophageal reflux disease (GERD) as due to an undiagnosed illness." J.A. 21.

The Board further stated:

The competent evidence indicates, however, that the Veteran's stomach symptoms have been attributed to irritable bowel syndrome (IBS). Specifically, at her January 2010 VA examination, when describing her stomach symptoms, the Veteran reported having frequent stools, bowel urgency, severe cramping, excessive flatulence, and bloating. In relation to these reported symptoms, the

VA examiner provided a diagnosis of IBS. Additionally, the January 2010 VA examiner addressed the Veteran's symptoms associated with her complaints of acid reflux, including nausea, regurgitation, infrequent heartburn, and infrequent indigestion. The examiner concluded that these symptoms were attributed to a diagnosis of GERD. As such, both the Veteran's reported stomach symptoms and acid reflux have been attributed to know[n] clinical diagnoses of IBS and GERD, respectively, which are not related to her active service. As noted above, in July 2008, Veteran submitted a separate claim for IBS, which was denied in a February 2009 rating decision. The Veteran did not appeal that decision. Therefore, the evidence shows that the Veteran's GERD or associated stomach symptoms are not due to an undiagnosed illness because her complaints have been attributed to known clinical diagnosis.

J.A. 35.

Stewart appealed the Board's decision to the Veterans Court. The court issued a decision, but withdrew that decision after granting Stewart's motion for reconsideration. The court then issued a new decision and found "no error in the Board's treatment of the issue of IBS." J.A. 5. The court vacated the portion of the Board's decision denying entitlement to benefits based on service connection for acid reflux and stomach problems and remanded the matters on appeal for development and readjudication. This was because, inter alia, the court found that the Board failed to provide an adequate statement of reasons or bases for its denial of service connection for acid reflux and stomach problems.

Regarding IBS, the court stated:

The appellant's claim for "[IBS] due to environmental hazards in the Gulf War" was adjudicated

in a February 2009 rating decision that denied entitlement to benefits based on service connection because no clinical diagnosis of IBS had been made and no nexus between IBS and service had been established. R. at 376. VA was permitted to adjudicate the matter of service connection for IBS separately from the appellant's original "stomach problems" claim. *See Tyrues v. Shinseki*, 23 Vet. App. 166, 177–78 (2009) (en banc) (VA may bifurcate a claim and adjudicate it in separate pieces). To the extent that some of the appellant's stomach symptoms–"frequent stools, bowel urgency, severe cramping, excessive flatulence, and bloating" (R. at 17)–were diagnosed as IBS by the January 2010 VA examiner, the Board did not err in recharacterizing the "stomach problems" claim to exclude those symptoms and encompass only the previously unadjudicated symptoms attributed to GERD by the examiner (R. at 363). The examiner's clinical diagnosis of IBS may be relevant evidence sufficient to reopen the appellant's separate IBS claim, in light of the RO's finding in February 2009 that the pertinent medical records "offer[] no clinical diagnosis of [IBS] nor do these records relate [the] condition to your active military service." R. at 376; *see* 38 U.S.C. § 5108. However, in the Board decision at issue here, the Board was not required to readjudicate entitlement based on the IBS-specific stomach symptoms that were addressed in a separate, unappealed RO decision.

J.A. 5–6.

Stewart appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

DISCUSSION

1.

Our review of Veterans Court decisions is limited by statute. *See* 38 U.S.C. § 7292. We possess "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We must decide all relevant questions of law and hold unlawful and set aside regulations or interpretations thereof—besides factual determinations—that were relied upon in the Veterans Court decision and are "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id.* § 7292(d)(1). We may not review a challenge to a factual determination, or to a law or regulation as applied to the facts—unless a constitutional issue is presented. *Id.* § 7292(d)(2). We review Veterans Court decisions regarding issues of law without deference. *Ellington v. Peake*, 541 F.3d 1364, 1368 (Fed. Cir. 2008).

2.

Unlike our usual non-precedential opinions, issued primarily for the benefit of the parties and in which the facts are only briefly stated, we have set forth the history of the case at length because it is necessary to an understanding of the outcome. The above description of this veteran's travails through the VA process—a description which for the sake of readability nevertheless leaves out much detail—well illustrates the problems a veteran faces when trying to navigate the complex of rules and procedures that exist. Here the veteran in the course of making a claim for benefits and seeking to have it adjudicated

fairly had pieces of it dealt with by three different region-
al offices—Muskogee, O.K., Winston-Salem, N.C., and
Columbia, S.C.  Each RO proceeded to address the specific
question they understood was before them, and each
made various rulings, often accompanied with letters to
the effect that other matters were still under considera-
tion.

After the VA concluded its review of the veteran's
claim, and having denied benefits, the matter was re-
viewed by the Board, which reopened the claim at issue
but declined to adjudicate benefits for IBS.  Later, on
review before the Veterans Court, that court vacated and
remanded the determinations of the Board except as to
the IBS issue; the veteran now has appealed that issue to
us.

For purposes of focusing on the essence of the problem
presented, the following discussion highlights only the
facts salient to our determination:

The veteran here made a broadly-stated claim in 2005
for disability benefits for "stomach problems" and acid
reflux.  After going through the RO review processes and
eventually having been denied benefits, she timely filed in
2008 the requisite NOD.  Later that year, after further
processing by the VA, the matter landed in the lap of the
Board.  However, in the meantime, between the time the
NOD was filed and the time the Board undertook the
appeal, the veteran, on whose advice we do not know,
requested that her claim be reopened and that IBS—a
specific type of "stomach problem"—be added.

Despite various pieces of evidence about a possible
IBS condition, and indeed despite a subsequent diagnosis
by the VA itself confirming the presence of IBS, the Board
refused to consider the IBS issue.  The Board treated the
veteran's earlier attempt to highlight the IBS issue as a
new claim, and in its decision stated that her failure to
appeal that issue precluded a recovery for IBS.  With

respect to this, the Veterans Court approved of the Board approach, stating that "the Board was not required to readjudicate entitlement based on the IBS-specific stomach symptoms that were addressed in a separate, unappealed RO decision." J.A. 6.

3.

Now on appeal to us we have been offered a variety of legal issues to consider, including what was actually adjudicated, the doctrine of implicit denial, whether the two claims are actually the same claim, and whether they can be bifurcated by the Agency. But at bottom, the case comes down to this: did the veteran's initial claim, encompassing "stomach problems," include the possible problem of IBS as well as other such medical problems, like the oft-mentioned GERD? If so, following the first denial of benefits regarding which the veteran filed the requisite NOD, a second NOD addressed to IBS would not be necessary, and the Board erred in not addressing that part of the veteran's original claim.

The parties agree that the exact scope of the original claim is a question of fact, and as such we cannot separately adjudicate that question. To decide this case we need not challenge that view. We can, however, based on the record and the findings of the adjudicators below, determine whether their treatment of the IBS question as they understood it was proper and in accordance with law.

With regard to the scope of the original claim, the record indicates that the Board's general understanding was that "stomach problems" properly understood in the context of this claim included all typical medical problems related to that broad description, which would include IBS. "As such, both the Veteran's reported stomach symptoms and acid reflux have been attributed to know[n] clinical diagnoses of IBS and GERD, respectively . . . ." J.A. 35.

From the evidence in the record, and from the plain meaning of the original claim, it would seem logical to have understood the claim as encompassing typical stomach disorders that result from stress, and especially the stresses accompanying military service in a war zone. As such, it would presumably include IBS. Indeed, the Board's decision, citing the *Clemons* case, notes that a claim for acid reflux and stomach problems "also encompass[es] claims for service connection for all gastroesophageal disabilities afflicting a Veteran based on review of the medical evidence. In this case, the record also reflects a diagnosis of GERD and IBS." *See* J.A. 22–23, quoted in full above. The Veterans Court did not disturb this determination.

Furthermore, the evidence indicates that the veteran's stomach symptoms could have been attributable to IBS. Specifically, at her January 2010 VA examination, when describing her stomach symptoms, the veteran reported having frequent stools, bowel urgency, severe cramping, excessive flatulence, and bloating. In relation to these reported symptoms, the VA examiner provided a diagnosis of IBS. Had the VA given the veteran the benefit of the doubt in that connection, as it is required to do by law, this long drawn out dispute over these service benefits would have been addressed and disposed of years ago.

The attempt by the veteran to add the term "IBS" to the already existing claim was perhaps ill-advised, and led to the Board's erroneous ruling that a proper appeal, which would include a second NOD, was necessary. In some circumstances, multiple NODs may be necessary in the context of a single claim.[2] However, if the 2005 claim

---

[2]    *See, e.g.*, *Barrera v. Grober*, 122 F.3d 1030, 1032 (Fed. Cir. 1997); *Grantham v. Brown*, 114 F.3d 1156,

is fairly read to include IBS, and we agree with the Board that it should be so read, we have not discovered—and the parties do not suggest—any case in which we held that a veteran must file a second NOD addressing service connection for the same claim already addressed by a prior NOD.

Accordingly, we reverse that part of the judgment of the Veterans Court that, on remand to the Board, approved of the Board's erroneous decision to exclude further consideration of IBS. The veteran did not have to file a second NOD addressing IBS because she had already filed a prior NOD addressing her claim, which included possible IBS. We affirm the other portions of the judgment of the Veterans Court.

The matter is remanded to the Veterans Court with instructions to return the case to the VA for further adjudication consistent with this opinion. The VA is to be instructed to waive, wherever necessary, any waivable procedural bars to complete adjudication of the original claim; to permit the veteran to supplement the record as deemed necessary with regard to the IBS issue and any other matters within the contemplation of the original claim; and to expedite its processing of the case.

**REVERSED-IN-PART, AFFIRMED-IN-PART, AND REMANDED.**

---

1158–59 (Fed. Cir. 1997); *Hamilton v. Brown*, 39 F.3d 1574 (Fed. Cir. 1994).

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**PATRICIA D. STEWART,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2014-7110

_____

BRYSON, *Circuit Judge*, dissenting.

I respectfully dissent.

The majority predicates its ruling in this case on its conclusion that Ms. Stewart's 2005 claim included a claim for irritable bowel syndrome ("IBS") and that the Board of Veterans' Appeals interpreted the 2005 claim in the same manner. I do not agree that the Board made clear that it regarded IBS as being within the scope of Ms. Stewart's 2005 claim. How the Board interpreted the 2005 claim is critical to deciding whether the Board and the Veterans Court were correct in holding that Ms. Stewart's claim of service connection for IBS became final in February 2010. I would therefore remand the case for the Board to determine whether Ms. Stewart's 2005 claim raised a claim of service connection for IBS.

I

In September 2005, Ms. Stewart filed a claim for ser-
vice connection for "acid reflux," "stomach problems," and
other unrelated disabilities. A regional office of the
Department of Veterans Affairs ("DVA") denied that claim
in June 2006. Ms. Stewart sought reconsideration of that
denial in November 2006, and the regional office denied
her request for reconsideration in October 2007. She filed
a notice of disagreement in response to that decision in
March 2008.[1]

At the time of the regional office's action in October
2007, the only mention of IBS anywhere in the record was
a cryptic entry in a May 2007 report of a DVA Medical
Center. As part of a lengthy description of Ms. Stewart's
medical issues, that report included a note reading
"?IBS . . see pcc for f/u."[2] The regional office's 2007 deci-

---

[1]    The parties dispute whether the DVA should have
treated Ms. Stewart's November 2006 request for recon-
sideration as a notice of disagreement with the June 2006
denial of her September 2005 claim. Under the liberal
and sympathetic construction that the DVA is required to
give to documents filed by veterans, the request for recon-
sideration should have been considered to be a notice of
disagreement. That issue, however, does not affect the
analysis in this case other than to make it appropriate to
refer to the September 2005 claim as the "stomach prob-
lems" claim that was ultimately placed into appellate
status for Board review.
[2]    A physician's report from a 2005 office visit re-
ported that Ms. Stewart "has what sounds like irritable
bowel syndrome for many years," but that report was not
part of the record of the 2006 and 2007 regional office
decisions. It was included in the record of the February
2009 regional office decision. In the 2009 decision, the

sion did not discuss IBS or include any reference to the "?IBS" note. Instead, like the earlier 2006 decision, the 2007 decision simply stated, as to Ms. Stewart's complaints of acid reflux and stomach problems, that the evidence showed that her condition was "not incurred in or aggravated by military service."

In July 2008, Ms. Stewart filed a "request to reopen my claim and add PTSD and irritable bowel syndrome." The DVA regional office internally treated the claim for IBS as a "new condition (not part of GERD [gastroesophageal reflux disease] with stomach problems)." After a request for information regarding the IBS claim, the regional office denied that claim for lack of service connection in February 2009. The regional office advised Ms. Stewart that if she wished to appeal that decision, she would have to file a notice of disagreement within one year. Ms. Stewart did not file a timely notice of disagreement in response to that regional office decision.

In August 2010, Ms. Stewart filed a new claim for various disabilities, again expressly including IBS. The evidence pertaining to that claim included a January 2010 DVA medical examination that contained a diagnosis of IBS. In May 2011 the regional office denied the 2010 claim for IBS on procedural grounds. The office determined that the IBS claim had been denied in February 2009 and that the denial had become final because Ms. Stewart had failed to file a timely notice of disagreement following that decision. The regional office ruled that Ms. Stewart had failed to point to any new and material evidence relating to IBS that would justify reopening the previously denied claim.

_____

regional office noted that report, but said that it offered "no clinical diagnosis" of IBS.

In May 2012, the Board decided Ms. Stewart's appeal from the 2006 and 2007 regional office decisions. The Board discussed Ms. Stewart's "stomach symptoms" and acknowledged the 2010 diagnoses of IBS and GERD, but it concluded that neither condition was related to Ms. Stewart's active military service. The Board noted that Ms. Stewart had submitted a claim for IBS in July 2008, that the July 2008 claim had been denied in February 2009, and that the February 2009 denial was not separately appealed. However, the Board did not state whether IBS was part of her original 2005 claim.

The Veterans Court remanded the Board's ruling for further consideration on other issues, but it found "no error in the Board's treatment of the issue of IBS." The court stated that the DVA "was permitted to adjudicate the matter of service connection for IBS separately from the appellant's original "stomach problems" claim, and that under the circumstances of this case the Board "did not err in recharacterizing the 'stomach problems' claim to exclude those symptoms [of IBS] and encompass only the previously unadjudicated symptoms attributed to GERD by the examiner." The court added that the examiner's January 2010 "clinical diagnosis of IBS may be relevant evidence sufficient to reopen the appellant's IBS claim, in light of the [regional office's] finding in February 2009 that the pertinent medical records "offer[] no clinical diagnosis of [IBS]." However, the court concluded that the Board "was not required to readjudicate entitlement based on the IBS-specific stomach symptoms that were addressed in a separate unappealed [regional office] decision."

## II

At the outset, the government argues that this case turns on a factual dispute and is therefore outside this court's jurisdiction under 38 U.S.C. § 7292(d)(2), which

bars this court from reviewing "a challenge to a factual determination." That contention is without merit.

It is true that questions as to the scope of a veteran's claim and whether the Board or the Veterans Court misinterpreted the scope of the veteran's claim are factual issues that are outside the scope of our review. *See Ellington v. Peake*, 541 F.3d 1364, 1371 (Fed. Cir. 2009); *Bonner v. Nicholson*, 497 F.3d 1323, 1328 (Fed. Cir. 2007). In this case, however, we are not being called upon to decide the factual question of the scope of Ms. Stewart's September 2005 claim. Instead, we must decide whether the Board committed legal error in requiring Ms. Stewart to file a separate notice of disagreement after her July 2008 request to "reopen [her] claim and add PTSD and irritable bowel syndrome" was denied.

That legal question turns on whether the Board regarded Ms. Stewart's September 2005 claim as raising IBS. If it did, then it was error for the Board to hold that Ms. Stewart was required to file a second notice of disagreement as to IBS following the denial of her July 2008 claim. If it did not, then the Board was legally correct to hold that the denial of Ms. Stewart's IBS claim became final when she failed to file a timely notice of disagreement in response to the regional office's February 2009 decision. Thus, in order to determine whether the Board erred, we need to know whether the Board regarded the IBS claim as being within the scope of Ms. Stewart's original September 2005 claim. As I read the Board's opinion, it never made such a finding.

In the majority's view, the Board found that Ms. Stewart's September 2005 claim of "stomach problems" included IBS. The majority points to the Board's statement, in describing the results of the January 2010 DVA medical examination, that "both the Veteran's reported stomach symptoms and acid reflux have been attributed to know[n] clinical diagnoses of IBS and GERD respec-

tively, which are not related to her active service." That observation, however, refers to the state of the record as of 2010. It cannot fairly be read to constitute a finding that Ms. Stewart's original 2005 claim of "stomach problems" included a claim for IBS. While the Board stated that a claim for acid reflux and stomach problems "also encompasses claims for service connection for all gastroesophageal disabilities afflicting a Veteran," it is by no means clear that the Board meant to include IBS in the category of "gastroesophageal disabilities," since the term "gastroesophageal" generally refers to conditions affecting the upper, not the lower, portion of the alimentary canal. For that reason, I disagree with the majority that the Board necessarily concluded that the 2005 claim included IBS.

The Veterans Court's opinion, which found no error in the Board's disposition of the IBS issue, was also inconclusive on this question. The opinion first noted that the IBS claim was not adjudicated until the February 2009 regional office decision, and Ms. Stewart's condition was not diagnosed as IBS until January 2010. The court then held that the Board did not err in excluding the claim of IBS symptoms from its review of the regional office decision that was before the Board. The court explained that the Board "was not required to readjudicate entitlement based on the IBS-specific stomach symptoms that were addressed in a separate, unappealed RO decision." While the court's opinion seems to be based on the assumption that Ms. Stewart's 2005 claim and her 2006 request for reconsideration did not raise IBS, either expressly or implicitly, the court did not say so.

Because it is not clear to me that the Board and the Veterans Court regarded Ms. Stewart's original 2005 claim as including IBS, I would remand for a finding on that question. Resolving that factual issue would enable the Board and the Veterans Court to properly address the viability of Ms. Stewart's IBS claim, including whether

the denial of that claim became final when she failed to file a notice of disagreement in response to the February 2009 regional office decision, and whether, in any event, her IBS claim fails for lack of service connection.