Opinion for the court filed by Circuit Judge PLAGER. Dissenting opinion filed by Circuit Judge BRYSON.
PLAGER, Circuit Judge.
This is a veterans case. Patricia D. Stewart appeals the judgment of the United States Court of Appeals for Veterans Claims (“Veterans Court”). Stewart sought disability benefits based on service connection for “stomach problems,” including Irritable Bowel Syndrome (“IBS”). The Department of Veterans Affairs (“VA”) denied benefits. The Board of Veterans’ Appeals (“Board”) affirmed the denial. The Veterans Court vacated the Board’s determinations regarding certain aspects of its decision, but left unchanged the Board’s determination that the Board need not adjudicate entitlement to benefits for IBS. Because this latter determination by the Veterans Court constituted legal error, we reverse that part of the, Veterans Court’s judgment.
BACKGROUND

Proceedings Before Veterans Affairs Regional Offices

Stewart served in the Army from January 1988 to November 1994, including service in the Persian Gulf War. In September 2005, Stewart requested service-connected disability benefits for, inter alia, acid reflux and stomach problems. In Júne 2006, the VA Regional Office (“RO”) in Muskogee, Oklahoma issued a decision denying service connection for acid reflux and stomach problems. The RO had “no medical evidence showing this condition [(referring jointly to acid reflux and stomach problems)] began in or wag made worse during [Stewart’s] military service. [Stewart’s] service medical records do not show treatment for this condition.” J.A. 64.
In November 2006, Stewart asked the VA to reconsider her claim.[1] In October 2007, the RO reopened the matter, but ■ subsequently confirmed the prior denial of service connection. The RO stated:
[T]he evidence continues to show this condition was not incurred in or aggravated by military service. Service medical records are negative showing treatment or diagnosis of acid reflux in service. VA medical records dated March 2007, show a diagnosis of gas-troesophageal reflux disease (GERD) but we have no link to relate this condition to service.
J.A. 74.
As part of its decision, the RO listed evidence that included “[treatment records VAMC [ (VA Medical Center) ], Salisbury dated March 2007 to August 2007.” J.A. 73. One such medical record from May 2007 included a note of “?IBS.. see pcc for f/u,” presumably indicating possible IBS and that a follow-up was desirable. See J.A. 79.
In March 2008, Stewart submitted a notice of disagreement (“NOD”) to the October 2007 decision. In July 2008, Stewart asked the VA to reopen her claim and, inter alia, “add” IBS. In July 2008, after Stewart’s request to reopen and in response to her NOD, the VA issued a statement of the case (“SOC”) continuing the denial of service connection of acid reflux and stomach problems.
On August 7, 2008, the Board received .Stewart’s substantive appeal of the RO’s *981 October 2007 decision. On August 18, 2008, the VA made a “develop note” that “IBS [is] taken as [a] new condition not part of GERD with stomach problems per Keith Cunningham, RVSR [ (rating veterans service representative) ].” J.A. 99. Also on August 18, 2008, the RO in Winston-Salem, North Carolina sent Stewart a letter stating that the VA was working on her application for service-connection for IBS. In February 2009, the RO in Columbia, South Carolina denied Stewart entitlement to service connection for IBS.
In November 2009, the VA requested a medical examination for Stewart and specifically asked for an “etiology of stomach problems [and] acid reflux.” J.A. 118. In that request, the VA noted that the case was over one year old based on the NOD. On January 14, 2010, Stewart underwent a VA medical examination and was diagnosed with IBS.
In August 2010, the VA received private medical records that included a February 2005 treatment record with a physician note that Stewart has “what sounds like” IBS. J.A. 128. Also in August 2010, Stewart requested service-connected disability benefits for, inter alia, IBS. In November 2010, the Winston-Salem RO informed Stewart that the VA was working on the IBS claim, but that Stewart was previously denied service connection for IBS in the February 2009 decision and the appeal period had expired. The VA informed Stewart that new and material evidence was required for the VA to reopen the claim.
In March 2011, an RO issued a supplemental SOC continuing to deny service connection for acid reflux and stomach problems. The RO listed the following evidence: VA examination, WSOPC dated January 14, 2010; treatment reports from the VA Medical Center in Salisbury dated March 22; 2007 to November 26, 2007; and Presbyterian Healthcare Associates (Charlotte Internal Medicine) dated June 21, 2004 to December 8,2009.
In May 2011, an RO issued a decision determining that there was no new and material evidence submitted to reopen the previously denied claim for service connection for IBS.
In October 2011, Stewart sought increased compensation based on unemploy-ability and listed IBS and acid-reflux as service-connected disabilities. In February 2012, an RO sent Stewart a letter stating the VA was working on her claim for IBS, but could take no action on her claims for acid reflux and stomach problems since those issues were on appeal.

Proceedings Before the Board

In its May 2012 decision, the Board reopened Stewart’s claim of entitlement to service connection for acid reflux and stomach problems, but denied service connection “for a gastroesophageal disorder, to include GERD as due to an undiagnosed illness.” J.A. 42. Regarding IBS, the Board stated:
The Board acknowledges that, with respect to the Veteran’s claim for service connection for acid re-flux and stomach symptoms to include as due to an undiagnosed illness, in Clemons v. Shinseki, 23 Vet.App. 1 (2009), the [Veterans Court] held that claims of entitlement to service connection for [sic ] also encompass claims for service connection for all gastroesophageal disabilities afflicting a Veteran based on a review of the medical evidence. In this case, the record also reflects a diagnosis of GERD and IBS. However, regarding the Veteran’s diagnosed IBS, the Board notes that Veteran submitted a specific claim for IBS in July 2008, which was denied by the RO in a February 2009 rating decision. The Veteran did not appeal that *982 decision. Accordingly, the claim was [sic ] been re-characterized as set forth on the title page of this decision.
The Board also notes that the Veteran submitted claims for service connection for ... acid reflux, [and] stomach problems ... which were denied by the RO in June 2006. In an October 2007 rating decision the RO adjudicated the above claim based on whether new and material evidence had been received to reopen the previously denied claims for service connection. The Board notes that a new theory of causation for the same disease or injury that was the subject of a previously denied claim cannot be the basis of a new claim under 38 U.S.C.A.' § 7104(b). Boggs v. Peake, 520 F.3d 1330, 1336 (Fed.Cir.2008).
J.A. 22-23.
The title page of the Board’s decision— referenced above — lists several “issues” including “[w]hether new and material evidence has been received to reopen a claim of entitlement to service connection for ‘stomach problems’ and acid reflux” and “[ejntitlement to service connection for gastroesophagial disorder to include gas-troesophageal reflux disease (GERD) as due to an undiagnosed illness.” J.A. 21.
The Board further stated:
The competent evidence indicates, however, that the Veteran’s stomach symptoms have been attributed to irritable bowel syndrome (IBS). Specifically, at her January 2010 VA examination, when describing her stomach symptoms, the Veteran reported having frequent stools, bowel urgency, severe cramping, excessive flatulence, and bloating. In relation to these reported symptoms, the VA examiner provided a diagnosis of IBS. Additionally, the January 2010 VA examiner addressed the Veteran’s symptoms associated with her complaints of acid reflux, including nausea, regurgitation, infrequent heartburn, and infrequent indigestion. The examiner concluded that these symptoms were attributed to a diagnosis of GERD. As such, both the Veteran’s reported stomach symptoms and acid reflux have been attributed to know[n] clinical diagnoses of IBS and GERD, respectively, which are not related to her active service. As noted above, in July 2008, Veteran submitted a separate claim for IBS, which was denied in a February 2009 rating decision. The Veteran did not appeal that decision. Therefore, the evidence shows that the Veteran’s GERD or associated stomach symptoms are not due to an undiagnosed illness because her complaints have been attributed to known clinical diagnosis.
J.A. 35.
Stewart appealed the Board’s decision to the Veterans Court. The court issued a decision, but withdrew that decision after granting Stewart’s motion for reconsideration. The court then issued a new decision and found “no error in the Board’s treatment of the issue of IBS.” J.A. 5. The court vacated the portion of the Board’s decision denying entitlement to benefits based on service connection for acid reflux and stomach problems and remanded the matters on appeal for development and readjudication. This was because, inter aha, the court found that the Board failed to provide an adequate statement of reasons or bases for its denial of service connection for acid reflux and stomach problems.
Regarding IBS, the court stated:
The appellant’s claim for “[IBS] due to environmental hazards in the Gulf War” was adjudicated in a February 2009 rating decision that denied entitlement to benefits based on service connection because no clinical diagnosis of IBS had been made and no nexus between IBS *983 and service had been established. R. at 376. VA was permitted to adjudicate the matter of service connection for IBS separately from the appellant’s original “stomach problems” claim. See Tyrues v. Shinseki, 23 Vet.App. 166, 177-78 (2009) (en banc) (VA may bifurcate a claim and adjudicate it in separate pieces). To the extent that some of the appellant’s stomach symptoms — “frequent stools, bowel urgency, severe cramping, excessive flatulence, and bloating” (R. at 17) — were diagnosed as IBS by the January 2010 VA examiner, the Board did not err in recharacterizing the “stomach problems” claim to exclude those symptoms and encompass only the previously unadjudicated symptoms attributed to GERD by the examiner (R. at 363). The examiner’s clinical diagnosis of IBS may be relevant evidence sufficient to reopen the appellant’s separate IBS claim, in light of the RO’s finding in February 2009 that the pertinent medical records “offer[ ] no clinical diagnosis of [IBS] nor do these records relate [the] condition to your active military service.” R. at 376; see 38 U.S.C. § 5108. However, in the Board decision at issue here, the Board was not required to readjudicate entitlement based on the IBS-specific stomach symptoms that were addressed in a separate, unap-pealed RO decision.
J.A. 5-6.
Stewart appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.
DISCUSSION
1.
Our review of Veterans Court decisions is limited by statute. See 38 U.S.C. § 7292. We possess “exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof ... and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision.” Id. § 7292(c). We must decide all relevant questions of law and hold unlawful and set aside regulations or interpretations thereof — besides factual determinations — that were relied upon in the Veterans Court decision and are “(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law.” Id. § 7292(d)(1). We may not review a challenge to a factual determination, or to a law or regulation as applied to the facts — unless a constitutional issue is presented. Id. § 7292(d)(2). We review Veterans Court decisions regarding issues of law without deference. Ellington v. Peake, 541 F.3d 1364, 1368 (Fed.Cir.2008).
2.
Unlike our usual non-precedential opinions, issued primarily for the benefit of the parties and in which the facts are only briefly stated, we have set forth the history of the case at length because it is necessary to an understanding of the outcome. The above description of this veteran’s travails through the VA process — a description which for the sake of readability nevertheless leaves out much detail— well illustrates the problems a veteran faces when trying to navigate the complex of rules and procedures that exist. Here the veteran in the course of making a claim for benefits and seeking to have it adjudicated fairly had pieces of it dealt with by three different regional offices— Muskogee, O.K., Winston-Salem, N.C., and Columbia, S.C. Each RO proceeded to *984 address the specific question they understood was before them, and each made various rulings, often accompanied with letters to the effect that other matters were still under consideration.
After the VA concluded its review of the veteran’s claim, and having denied benefits, the matter was reviewed by the Board, which reopened the claim at issue but declined to adjudicate benefits for IBS. Later, on review before the Veterans Court, that court vacated and remanded the determinations of the Board except as to the IBS issue; the veteran now has appealed that issue to us.
For purposes of focusing on the essence of the problem presented, the following discussion highlights only the facts salient to our determination:
The veteran here made a broadly-stated claim in 2005 for disability benefits for “stomach problems” and acid reflux. After going through the RO review processes and eventually having been denied benefits, she timely filed in 2008 the requisite NOD. Later that year, after further processing by the VA, the matter landed in the lap of the Board. However, in the meantime, between the time the NOD was filed and the time the Board undertook the appeal, the veteran, on whose advice we do not know, requested that her claim be reopened and that IBS — a specific type of “stomach problem” — be added.
Despite various pieces of evidence about a possible IBS condition, and indeed despite a subsequent diagnosis by the VA itself confirming the presence of IBS, the Board refused to consider the IBS issue. The Board treated the veteran’s earlier attempt to highlight the IBS issue as a new claim, and in its decision stated that her failure to appeal that issue precluded a recovery for IBS. With respect to this, the Veterans Court approved of the Board approach, stating that “the Board was not required to readjudicate entitlement based on the IBS-specific stomach symptoms that were addressed in a separate, unap-pealed RO decision.” J.A. 6.
3.
Now on appeal to us we have been offered a variety of legal issues to consider, including what was actually adjudicated, the doctrine of implicit denial, whether the two claims are actually the same claim, and whether they can be bifurcated by the Agency. But at bottom, the case comes down to this: did the veteran’s initial claim, encompassing “stomach problems,” include the possible problem of IBS as well as other such medical problems, like the oft-mentioned GERD? If so, following the first denial of benefits regarding which the veteran filed the requisite NOD, a second NOD addressed to IBS would not be necessary, and the Board erred in not addressing that part of the veteran’s original claim.
The parties agree that the exact scope of the original claim is a question of fact, and as such wé cannot separately adjudicate that question. To decide this case we need not challenge that view. We can, however, based on the record and the findings of the adjudicators below, determine whether their treatment of the IBS question as they understood it was proper and in accordance with law.
With regard to the scope of the original claim, the record indicates that the Board’s general understanding was that “stomach problems” properly understood in the context of this claim included all typical medical problems related to that broad description, which would include IBS. “As such, both the Veteran’s reported stomach symptoms and acid reflux have been attributed to know[n] clinical diagnoses of IBS and GERD, respectively....” J.A. 35.
*985 From the evidence in the record, and from the plain meaning of the original claim, it would seem logical to have understood the claim as encompassing typical stomach disorders that result from stress, and especially the stresses accompanying military service in a war zone. As such, it would presumably include IBS. Indeed, the Board’s decision, citing the Clemons case, notes that a claim for acid reflux and stomach problems “also encompass[es] claims for service connection for all gastroesophageal disabilities afflicting a Veteran based on review of the medical evidence. In this case, the record also reflects a diagnosis of GERD and IBS.” See J.A. 22-23, quoted in full above. The Veterans Court did not disturb this determination.
Furthermore, the evidence indicates that the veteran’s stomach symptoms could have been attributable to IBS. Specifically, at her January 2010 VA examination, when describing her stomach symptoms, the veteran reported having frequent stools, bowel urgency, severe cramping, excessive flatulence, and bloating. In relation to these reported symptoms, the VA examiner provided a diagnosis of IBS. Had the VA given the veteran the benefit of the doubt in that connection, as it is required to do by law, this long drawn out dispute over these service benefits would have been addressed and disposed of years ago.
The attempt by the veteran to add the term “IBS” to the already existing claim was perhaps ill-advised, and led to the Board’s erroneous ruling that a proper appeal, which would include a second NOD, was necessary. In some circumstances, multiple NODs may be necessary in the context of a single claim.[2] However, if the 2005 claim is fairly read to include IBS, and we agree with the Board that it should be so read, we have not discovered — and the parties do not suggest — any case in which we held that a veteran must file a second NOD addressing service connection for the same claim already addressed by a prior NOD.
Accordingly, we reverse that part of the judgment of the Veterans Court that, on remand to the Board, approved of the Board’s erroneous decision to exclude further consideration of IBS. The veteran did not have to file a second NOD addressing IBS because she had already filed a prior NOD addressing her claim, which included possible IBS. We affirm the other portions of the judgment of the Veterans Court.
The matter is remanded to the Veterans Court with instructions to return the case to the VA for further adjudication consistent with this opinion. The VA is to be instructed to waive, wherever necessary, any waivable procedural bars to complete adjudication of the original claim; to permit the veteran to supplement the record as deemed necessary with regard to the IBS issue and any other matters within the contemplation of the original claim; and to expedite its processing of the case.
REVERSED-IN-PART, AFFIRMED-IN-PART, AND REMANDED.

. Stewart argues her request to reconsider should have been construed as a notice of disagreement ("NOD”), but she states this court "need not reach this issue as it is not dispositive to the issues currently before the [c]ourt.” Appellant’s Br, at 11, n. 1.

. See, e.g., Barrera v. Gober, 122 F.3d 1030, 1032 (Fed.Cir.1997); Grantham v. Brown, 114 F.3d 1156, 1158-59 (Fed.Cir.1997); Hamilton v. Brown, 39 F.3d 1574 (Fed.Cir.1994).